UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LAWRENCE CZARNIONKA, individually and
on behalf of all others similarly situated,   1:22-cv-06348 (AKH)

                Plaintiffs,

                v.

THE EPOCH TIMES ASSOCIATION, INC.

                Defendant.
------------------------------------------------------------X

**DEFENDANT THE EPOCH TIMES ASSOCIATION, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CERTIFY NOVEMBER 17, 2022, ORDER AND OPINION DENYING MOTION TO DISMISS FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B) AND TO STAY PROCEEDINGS PENDING RESOLUTION OF APPEAL**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................3

    A.    Whether A Court Is To Apply The "Ordinary Person" Standard In Deciding Whether "Personally Identifiable Information" Has Been Disclosed Is A Controlling Question Of Law ...........................................................3

    B.    There Exists Substantial Ground For Difference Of Opinion On The Controlling Question Of Law .................................................................................5

    C.    An Interlocutory Appeal May Result In The Termination Of This Litigation..................................................................................................................8

CONCLUSION................................................................................................................................10

# TABLE OF AUTHORITIES

**Federal Cases**

*In re Adelphia Communs. Corp. Sec. & Derivative. Litig.*,
  No. 03 MDL 1529, 2006 U.S. Dist. LEXIS 11743, 2006 WL 708303
  (S.D.N.Y. Mar. 20, 2006) ....................................................................................................5

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
  2012 U.S. Dist. LEXIS 100827 (S.D.N.Y. July 18, 2012) .......................................................4

*Ferring B.V. v. Allergan, Inc.*,
  343 F. Supp. 3d 284 (S.D.N.Y. 2018)......................................................................................9

*Glatt v. Fox Searchlight Pictures Inc.*,
  No. 11-CV-6784, 2013 U.S. Dist. LEXIS 139594 (S.D.N.Y. Sept. 17, 2013).........................3

*Keller v. Lee*,
  No. 96 Civ. 4168, 1997 U.S. Dist. LEXIS 7519 (S.D.N.Y. May 28, 1997) .............................5

*Kersh v. General Council of the Assemblies of God*,
  535 F. Supp. 494 (N.D. Cal. 1982), *overruled in part on other grounds*,
  *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990) ............................................5

*Klinghoffer v. S.N.C. Achille Lauro*,
  921 F.2d 21 (2d Cir. 1990)...................................................................................................3, 5

*LNC Invs., Inc. v. First Fid. Bank, Nat'l Ass'n*,
  No. 92 Civ. 7584, 2000 U.S. Dist. LEXIS 5154 (S.D.N.Y. Apr. 18, 2000) .............................3

*Marsall v. City of Portland*,
  2004 U.S. Dist. LEXIS 15976 (D. Or. Aug. 9, 2004)..............................................................5

*Mollett v. Netflix, Inc.*,
  795 F.3d 1062 (9th Cir. 2015) .................................................................................................8

*In re Nickelodeon Consumer Privacy Litig.*,
  827 F.3d 262 (3d Cir. 2016)........................................................................................3, 4, 7, 8

*Ragin v. NY Times Co.*,
  No. 89 Civ. 0228 (CSH),1990 U.S. Dist. LEXIS 2328 (S.D.N.Y. Mar. 5,
  1990) ..................................................................................................................................4, 10

*Robinson v. Disney Online*,
  152 F. Supp. 3d 176 (S.D.N.Y. 2015)......................................................................................7

*Sutherland v. Ernst & Young LLP*,
  856 F. Supp. 2d 638 (S.D.N.Y. 2012)......................................................................................9

*Wilson v. Triller, Inc.*,
   No. 21-cv-11228 (JSR), 2022 U.S. Dist. LEXIS 71085 (S.D.N.Y. Apr. 18,
   2022) ..................................................................................................................................6, 7

*In re WorldCom, Inc. Sec. Litig.*,
   No. 02 Civ. 3288, 2003 U.S. Dist. LEXIS 22718 (S.D.N.Y. Dec. 16, 2003) ............................5

*Yershov v. Gannett Satellite Info. Network, Inc.*,
   820 F.3d 482 (1st Cir. 2016) ..................................................................................................6, 7

**Statutes**

18 U.S.C. § 2710(a)(3) ..................................................................................................................6, 8

28 U.S.C. § 1292(b) ................................................................................................................1, 2, 3

**PRELIMINARY STATEMENT**

The Epoch Times Association, Inc. ("Defendant"), respectfully submits this memorandum in support of its motion for an order (1) certifying the portion of the Court's November 17, 2022, Order ("Order") denying the motion to dismiss the Class Action Complaint ("Complaint") of Lawrence Czarnionka ("Plaintiff") as it pertains to the disclosure of personally identifiable information for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and (2) staying this proceeding pending the Second Circuit's resolution of the Section 1292(b) appeal.

The Complaint asserts one cause of action under the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"). The Defendant's motion to dismiss sought to dismiss the VPPA cause of action on multiple grounds. One of those grounds, and the one for which interlocutory appeal is desired, argued the Complaint has not sufficiently alleged the disclosure of personally identifiable information ("PII") under the VPPA. PII disclosure is one of the elements that must be satisfied for a party to prevail on a VPPA claim.

Defendant's PII disclosure argument, inter alia, contended that whether PII had been disclosed under the VPPA requires a determination under the "ordinary person" standard – that is, would an ordinary person in receipt of information readily discern the information disclosed the video viewing activity of an identified, specific individual. In this case, the inquiry would be particularly relevant because, as alleged, the PII was contained in a c_user cookie from which, as Defendant argues, an ordinary person would not readily discern PII under the VPPA.

Thus, a critical question arising from the Order is whether – on application of the ordinary person standard – the Court still would have held the Complaint sufficiently alleges the disclosure of PII under the VPPA. An answer to this question in the negative – no – would render the pleading inadequate and result in the granting of Defendant's motion thereby terminating this litigation.

1

As propounded below, the use of the ordinary person standard when deciding if a disclosure of information involves PII in the context of a VPPA claim would be consistent with the Congress's intent in passing the statute and provide a "video tape service provider" – those subject to the act – certainty and uniformity as to how information will be assessed, rather than making the assessment contingent on the individual characteristics of each and every recipient of information.

The Order is ripe for certification for appeal. First, whether disclosed information should be held to be PII under the VPPA through application of the ordinary person standard (as opposed to an analysis of each recipient of information) is a controlling question of law involving the construction of a federal statute that is not dependent on any issues of fact in this case. Second, given the absence of a clear definition of "personally identifiable information" in the VPPA, a substantial ground for difference of opinion on what is disclosed PII under the statute exists and has emerged in the case law. Third, if the Second Circuit holds the ordinary person standard applies when assessing whether PII has been disclosed under the VPPA, the litigation very well may terminate since the Complaint asserts PII to be in a form the ordinary person likely would not readily discern as PII. Moreover, the Circuit's adoption of the ordinary person standard may cause plaintiffs to reassess their claims before filing cases under the Video Privacy Protection Act, a statute passed years before the dawn of the internet and almost four decades ago to address the disclosure of information about video tape rentals.

A stay pending the § 1292(b) appeal will conserve both the parties' and the Court's resources. A stay will avoid the expenditure of time, resources and dollars on discovery and related motions practice in the interim, and all such activity may be mooted by a contrary ruling from the Second Circuit. Further, a stay will not prejudice Plaintiffs. Among other things, his potential award will not be diminished by a stay and this case is in its infancy.

# ARGUMENT

## I

## THE COURT SHOULD CERTIFY THE ORDER FOR APPEAL UNDER § 1292(b)

An Order is appropriate for interlocutory appeal if (1) the Order involves a "controlling question" of law; (2) there is "substantial ground for difference of opinion" as to that question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 23-25 (2d Cir. 1990) (quoting 28 U.S.C. § 1292(b)). Each of the foregoing criteria are satisfied by the Order.

### A. Whether A Court Is To Apply The "Ordinary Person" Standard In Deciding Whether "Personally Identifiable Information" Has Been Disclosed Is A Controlling Question Of Law

"[A] question of law is controlling if reversal of the district court's order would terminate the action." *Klinghoffer*, 921 F.2d at 24 (2d Cir. 1990). A question of law can also be controlling if reversal of the district court's order "could significantly affect the conduct of the action" or if "the certified issue has precedential value for a large number of cases." *Glatt v. Fox Searchlight Pictures Inc.*, No. 11-CV-6784, 2013 U.S. Dist. LEXIS 139594, at *2 (S.D.N.Y. Sept. 17, 2013); *see also LNC Invs., Inc. v. First Fid. Bank, Nat'l Ass'n*, No. 92 Civ. 7584, 2000 U.S. Dist. LEXIS 5154, at *7-8, 12 (S.D.N.Y. Apr. 18, 2000).

In the Order, the Court declined to address the application of the "ordinary person" when determining whether Plaintiff had adequately pled the disclosure of PII. Defendant respectfully submits the Court erred in deciding not to assess whether Epoch's alleged disclosure was "the kind of information that would ***readily permit an ordinary person*** to identify a specific individual's video-watching behavior." *See In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 290 (3d Cir. 2016) (emphasis added).

3

The question Defendant seeks to appeal immediately is a pure controlling question of law: Whether a court, in deciding if "personally identifiable information" has been disclosed under the VPPA, is to make that determination by reference to the "ordinary person" (as opposed to the "recipient" of the information). To answer the question the Second Circuit will need to interpret the VPPA; it will not need to consider facts alleged or to be discovered in this case. The question also is controlling because a Second Circuit holding that PII must be evaluated through the lenses of the ordinary person would likely materially affect the case's outcome. *Ragin v. NY Times Co.*, No. 89 Civ. 0228 (CSH),1990 U.S. Dist. LEXIS 2328, at *2 (S.D.N.Y. Mar. 5, 1990) (holding statutory questions were "controlling" where if the defendant's contentions were correct, its motion to dismiss should have been granted).

Applying the ordinary person standard, the information alleged to be PII (i.e., information contained in a c_user cookie) likely would be found not to be PII. If the information allegedly disclosed by Epoch is not PII, Plaintiff cannot meet her pleading burden. *See In re Nickelodeon*, 827 F.3d at 279 (to state a claim under the VPPA, a plaintiff must allege that "[a] video tape service provider . . . knowingly disclose[d], to any person, ***personally identifiable information*** concerning any consumer of such provider." (emphasis added)). As Plaintiff's VPPA claim is the only claim in this case an interlocutory appeal on the Court's motion to dismiss could determine whether the case should proceed at all. *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 2012 U.S. Dist. LEXIS 100827, at *26-27 (S.D.N.Y. July 18, 2012) (certifying decision where reversal meant that several parties "can stop litigating").

The certified issue also has precedential value for a large number of cases. According to an article from Bloomberg Law dated October 13, 2022, at least 47 proposed class actions have been filed since February 2022 claiming Meta Platform Inc.'s Pixel tracking tool sent a person's personal

4

video consumption data from online platforms to Facebook without the person's consent in violation of the VPPA. Skye Witley, *Meta Pixel's Video Tracking Spurs Wave of Data Privacy Suits (1)*, NEWS.BLOOMBERGLAW.COM, https://news.bloomberglaw.com/privacy-and-data-security/meta-pixels-video-tracking-spurs-wave-of-consumer-privacy-suits (last visited Nov. 30, 2022). ***Twenty-two of these cases were filed in September of this year alone***. *Id*. A wide variety of entities that host videos are facing lawsuits, including news outlets, streaming services, and sports organizations. *Id*. A Second Circuit decision regarding whether the ordinary person standard applies to the definition of "personally identifiable information" under the VPPA would streamline and/or provide greater direction to the growing number of cases being litigated in this Circuit.

### B. There Exists Substantial Ground For Difference Of Opinion On The Controlling Question Of Law

A substantial ground for difference of opinion can arise in a variety of circumstances, and includes instances when a controlling legal question "is difficult and of first impression" or when there is a healthy division and debate among the district courts.[1] In assessing "substantial ground," the absence of controlling authority within the Second Circuit weighs heavily in the determination. *See In re Adelphia Communs. Corp. Sec. & Derivative. Litig*., No. 03 MDL 1529, 2006 U.S. Dist.

---

[1] *See, e.g., Marsall v. City of Portland*, 2004 U.S. Dist. LEXIS 15976, at *20 (D. Or. Aug. 9, 2004) (quotation omitted); *see also Kersh v. General Council of the Assemblies of God*, 535 F. Supp. 494, 498 (N.D. Cal. 1982) (finding substantial ground when "difficult questions of first impression in this Circuit"), *overruled in part on other grounds*, *Hollinger v. Titan Capital Corp*., 914 F.2d 1564, 1575 (9th Cir. 1990); *Klinghoffer*, 921 F.2d at 25 (holding that "substantial grounds for difference of opinion" exist when the "issues are difficult and of first impression"); *In re WorldCom, Inc. Sec. Litig*., No. 02 Civ. 3288, 2003 U.S. Dist. LEXIS 22718, at *20 (S.D.N.Y. Dec. 16, 2003) (finding substantial difference of opinion among "a handful of courts elsewhere" plus "at least one member of the Second Circuit"); *Keller v. Lee*, No. 96 Civ. 4168, 1997 U.S. Dist. LEXIS 7519, at *2 (S.D.N.Y. May 28, 1997) (noting generally that "[t]he courts that have considered this issue have come to divergent results").

5

LEXIS 11743, at *10, 2006 WL 708303, at *4 (S.D.N.Y. Mar. 20, 2006). The Second Circuit has not addressed the controlling question of law Defendant seeks to present now.

Because the VPPA does not provide a strong definition of PII there has been a substantial difference of opinion among the courts regarding what the definition of PII encompasses. Earlier this year, the Southern District of New York concluded the VPPA "fails to provide a clear definition of PII, and, instead…only defines such information as 'includ[ing] information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider.'" *Wilson v. Triller, Inc.,* No. 21-cv-11228 (JSR), 2022 U.S. Dist. LEXIS 71085, at *13-18 (S.D.N.Y. Apr. 18, 2022) (quoting 18 U.S.C. § 2710(a)(3)).

Confronting the same definitional conundrum, the Ninth Circuit has observed that since the VPPA uses the word "include," then PII "must include more information than that which, by itself, identifies an individual as having watched certain videos," that is, PII must "cover[] some information that can be used to identify an individual." *Eichenberger v. ESPN*, Inc., 876 F.3d 979, 984 (9th Cir. 2017). "The key question that follows then is 'what information did Congress intend to cover as 'capable of' identifying an individual.'" *Wilson*, 2022 U.S. Dist. LEXIS 71085, at *13 (quoting *Eichenberger*, 876 F.3d at 984). On this question, two approaches have emerged. *Id*. One approach relies on the recipient of the information to determine whether information is PII. the other relies on the ordinary person in making that determination.

Illustrative of the recipient approach is *Yershov v. Gannett Satellite Info. Network, Inc.*, 820 F.3d 482 (1st Cir. 2016). In *Yershov*, the First Circuit held that PII encompasses "information reasonably and foreseeably likely to reveal which . . . videos [a person] has obtained" to the third party to whom the information is disclosed. *Id*. at 486. Relying on this definition, the court concluded the defendant, which operated the USA Today Mobile App, disclosed PII when it shared

6

with Adobe information about videos the plaintiff-user watched on the USA Today app, along with "GPS coordinates of the device at the time the video was viewed" and "certain identifiers associated with the user's device." *Id*. at 484.  In reaching this decision, the court explicitly relied on the allegation that the defendant knew Adobe would be able to use this information to identify the plaintiff with particularity because of vast information the company collects for the purpose of creating "digital dossiers." *Id*. at 485-86.  Thus, under the approach set out by the First Circuit, whether any particular set of information constitutes PII depends on the capabilities of the party or parties to which it is disclosed—that is, **the scope of PII is recipient-dependent**. *Id*.

On the other hand, the Third Circuit adopted the "ordinary person" approach. *See In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d at 290.  In that case, the court rejected the plaintiff's argument that the user's IP address and other information about the user's browser and operating system setting was PII.  The court held that PII only refers to "the kind of information that would readily permit an ***ordinary person*** to identify a specific individual's video-watching behavior." *Id*. at 282-83, 290 (emphasis added).  The Ninth Circuit has since adopted the ordinary person standard. *Eichenberger*, 876 F.3d at 985 (stating the "ordinary person" interpretation of PII "fits most neatly with the regime that the VPPA's enacting Congress likely had in mind").

The Second Circuit, as stated above, has yet to weigh in but a non-recipient oriented definition of PII is consistent with the approach adopted by two courts in this District. *Wilson*, 2022 U.S. Dist. LEXIS 71085, at *16 ("[I]t follows that the Third Circuit's definition of PII – which does not make the scope of PII dependent on the specifics of the recipient of the disclosure . . . applies throughout the act."); *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 180-184 (S.D.N.Y. 2015) (holding the abilities of the data recipient do not dictate what constitutes PII but stopping short of explicitly adopting the ordinary person standard).  The absence of controlling authority in the Second

Circuit regarding the application of the ordinary person standard in conjunction with diverging approaches in other circuits weighs heavily in favor of certifying the Order for interlocutory appeal.

### C. An Interlocutory Appeal May Result In The Termination Of This Litigation

As stated above, to state a claim under the VPPA, a plaintiff must allege a video tape service provider knowingly disclosed **personally identifiable information** about a consumer of that provider. See *In re Nickelodeon*, 827 F.3d at 279 (emphasis added). The VPPA states PII "includes information which **identifies a person** as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3) (emphasis added). If the Second Circuit adopts the ordinary person standard the district courts in the Circuit will have to consider whether a video tape service provider's alleged disclosure amounts to "the kind of information that would **readily permit an ordinary person** to identify a specific individual's video-watching behavior." See *In re Nickelodeon*, 827 F.3d at 290. The district courts would view the "disclosure from the perspective of the disclosing party. [The courts would look] to what information a video service provider disclose[d], not to what the recipient of that information decide[d] to do with it." *Eichenberger*, 876 F.3d at 985. Under this approach, PII would have the same meaning without regard to its recipient's capabilities and the lawfulness of the disclosure would not "'depend on circumstances outside of [a video service provider's] control.'" *Id*. (quoting *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1066 (9th Cir. 2015)).

If the Second Circuit accepts Defendant's argument, then this case most likely will need to revisit Plaintiff's PII disclosure allegations, applying the ordinary person standard. In that circumstance, Defendant respectfully submits the Court should find the information Defendant allegedly disclosed, which was Facebook's c_user cookie (embedded among hundreds of other numbers, letters, and symbols in Facebook's GET request), would have no meaning to an ordinary

8

person and therefore is not PII. Because the disclosure of PII is an indispensable element of Plaintiff's sole claim (i.e., the VPPA claim), a finding that Plaintiff has not pled PII will mean the termination of the litigation. Plaintiff will not be able to cure the pleading deficiency through amendment. There is only one form of alleged disclosure – through a c_user cookie – and Plaintiff cannot plead around that. Plaintiff has not asserted, and cannot assert, another form of disclosure of her information that falls within the reach of the VPPA.

## II

### A STAY PENDING APPEAL IS APPROPRIATE

If the Court grants certification for interlocutory appeal, this case should be stayed until the Second Circuit issues a decision. The "'determination whether to enter a stay pending an interlocutory appeal is within the discretion of the district court.'" *Ferring B.V. v. Allergan, Inc.*, 343 F. Supp. 3d 284, 291 (S.D.N.Y. 2018) (quoting *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 640 (S.D.N.Y. 2012)). "Courts consider four factors when determining whether to stay a case during the pendency of an interlocutory appeal: (1) likelihood of success in the appeal; (2) whether the requesting party would be irreparably injured without a stay; (3) whether a stay will substantially injure the other parties interested in the proceedings; and (4) the public interests at play." *Id*. "The first two questions—addressing likely success and irreparable harm to the movant—are the most salient concerns." *Id*. (quoting *Sutherland*, 856 F. Supp. 2d at 640).

A sufficient likelihood of success exists for the same reasons that justify an interlocutory appeal on the Court's Order. Significant case law supports Defendant's position that the definition of PII under the VPPA must include the kind of information that would readily permit an ordinary person to identify a specific individual's video activity, and there are at least substantial grounds for disagreement on the proper resolution Defendant's 12(b)(6) motion. *See supra* Section I (A)-(B).

9

Second, Defendant would suffer harm if the case proceeded in parallel with an interlocutory appeal and Plaintiff would not be prejudiced by the appeal. As discussed above, a favorable decision for Defendant on interlocutory appeal could lead to an accelerated termination of this litigation. *See supra* Section I(C). Thus, for Defendant and Plaintiff to expend time, money, and human resources now in party and third-party (e.g., Meta/Facebook) discovery while awaiting action by the Second Circuit would be inefficient. *See Ragin*, 1990 U.S. Dist. LEXIS 2328, at *2-3. Based on the parties' Case Management Plan, discovery is to open next month. Moreover, if an appeal aids in accelerating resolution of this litigation, Defendant (and Plaintiff) would more quickly obtain a firm grasp of their legal rights and duties vis-à-vis one another.

As to Plaintiff, a stay would not prejudice him. For example, Plaintiff is seeking statutory damages on behalf of himself and a putative class, which amount will not change based on the duration of the litigation. In other words, pushing the case forward will not materially impact the potential remedy available to Plaintiff and putative class.

Finally, the public interest weighs in favor of a stay. Judicial economy strongly counsels against proceeding with litigation in parallel with an appeal that can determine whether plaintiff has a valid claim. *See Ragin*, 1990 U.S. Dist. LEXIS 2328, at *2-3 (staying discovery pending interlocutory appeal of 12(b)(6) order).

## CONCLUSION

For the reasons above, Defendant respectfully requests the motion be granted in its entirety.

By:    /s/ *Brian Pete*
       Brian Pete, Esq.
       **LEWIS BRISBOIS BISGAARD & SMITH LLP**
       77 Water Street, Suite 2100
       New York, New York 10005
       Tel.: 212.232.1363
       Fax: 212.232.1399
       brian.pete@lewisbrisbois.com

*Counsel for Defendant*
*The Epoch Times Association, Inc.*