IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAWRENCE CZARNIONKA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE EPOCH TIMES ASSOCIATION, INC.<br><br>Defendant. | Civil Action No.: 1:22-cv-06348-AKH |

**STIPULATED PROTECTIVE ORDER**

**ARTICLE 1**
**PURPOSES AND LIMITATIONS**

Disclosure and discovery in the above-captioned action ("Litigation" or "Action") are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than litigating this Litigation may be warranted. Accordingly, Plaintiff Lawrence Czarnionka, for himself and the putative class, and Defendant The Epoch Times Association, Inc. (collectively, "the Parties"), hereby stipulate to and petition the Court to enter this Stipulated Protective Order ("Order"). This Order does not confer blanket protections on all disclosures or responses to discovery, and the protections it affords from public disclosure and use extend only to the documents, information or items entitled to confidential treatment under the applicable legal principles and/or as stated in this Order. The Parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal. The Court's "Individual Rules of the Honorable Alvin K. Hellerstein" effective March 18, 2020 set forth the procedures to be applied when a party seeks permission from the Court to file material under seal.

1

2744184.3

# ARTICLE 2
# DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of documents, information or items under this Order, including Disclosure or Discovery Material.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and/or as stated in this Order.

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in this Litigation as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material: all items, information or documents, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), produced or generated in disclosures or responses to discovery, whether by a Party or Non-Party, in this Litigation.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a non-testifying consultant in this Action.

2.7     House Counsel: attorneys who are members in good standing of at least one state (including the District of Columbia) bar, who are employees of a Party, and who have responsibility for managing this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party.

2.9     Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party and who has not withdrawn that appearance.

2.10    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, or retrieving data in any form or medium, and jury or trial consulting) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material designated as "CONFIDENTIAL."

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material in this Action.

## ARTICLE 3
## SCOPE

This Order shall govern all Protected Material in whatever form, including documents, data, information, interrogatory responses, deposition testimony, deposition transcripts, responses to requests for admission, and any other Protected Material provided, produced, or made available for inspection in response to any method of discovery, formal or informal, conducted in this Litigation. The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies,

3

2744184.3

excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## ARTICLE 4
## DURATION

Even after final disposition of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) entry of final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or other judicial reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## ARTICLE 5
## DESIGNATING PROTECTED MATERIAL

5.1   <u>Procedures for Designating Material for Protection</u>. Any Party to this Litigation, or any Non-Party who produces Disclosure or Discovery Material, shall have the right to designate as "CONFIDENTIAL" any Protected Material it produces. All Protected Material shall bear a legend on each page stating that the material is "CONFIDENTIAL." Materials designated

as or deemed to be "CONFIDENTIAL" consistent with this Order are subject to the provisions of this Order and shall be protected, used, handled, and disposed of in accordance with the provisions of this Order.

    5.2    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order shall limit any such designation to specific material that it reasonably and in good faith believes qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that it reasonably and in good faith believes qualify.

Mass, indiscriminate, or routinized designations are prohibited by this Order. Designations shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that Disclosure or Discovery Material or other information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.3    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., Section 5.3(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

        5.3.1    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only

2744184.3

a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify, to the extent practicable, the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify, to the extent practicable, the protected portion(s) (e.g., by making appropriate markings in the margins).

      5.3.2   For testimony given in deposition or in other pretrial or trial proceedings, any Party or Non-Party offering or sponsoring the testimony may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and may further specify any portions of the testimony that qualify as "CONFIDENTIAL." Alternatively, within thirty (30) days of receipt of a transcript or recording of a deposition or other pretrial proceeding, the offering or sponsoring Party or Non-Party may designate such transcript or recording or any portion thereof as "CONFIDENTIAL" by notifying all Parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as "CONFIDENTIAL." All transcripts or recordings of depositions or other pretrial proceedings shall be treated as

"CONFIDENTIAL" for thirty (30) days after receipt of the transcript or recording, or until written notice of a designation is received, whichever occurs first. In the case of a Non-Party witness, testimony can be designated as containing "CONFIDENTIAL" information by a Party, the Non-Party witness, or upon agreement of the Parties.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the Order in this matter or pursuant to written stipulation of the parties."

Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, Outside Counsel of Record, the reporter and videographer (if any), any person who is not authorized by this Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

5.3.3   For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend

"CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

    5.3.4 For inspection of things or premises, the Producing Party shall state in writing prior to the inspection that "CONFIDENTIAL" information or material will be revealed.

  5.4 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items as Protected Material shall not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to replace undesignated copies of the designated material with corrected, designated copies, and otherwise assure that the material is treated in accordance with the corrected designations supplied by the Designating Party until any challenge is resolved pursuant to Section 6 herein.

## ARTICLE 6
## CHALLENGING CONFIDENTIALITY DESIGNATIONS

  6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time, subject to the meet and confer obligations set forth below. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Party does not, without more, waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this

8

2744184.3

Section 6.2 of this Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient but may supplement Party oral dialogue) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

    6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a confidentiality designation challenge without Court intervention, the Challenging Party may file and serve a motion to terminate confidentiality designation(s) within 30 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process has reached an impasse, whichever is earlier. In addition, the Challenging Party may file a motion challenging a confidentiality designation(s) at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. A Court finding, in ruling on a motion challenging a confidentiality designation(s), that a challenge to a confidentiality designation is frivolous or that an assertion of a confidentiality designation is frivolous (including mass or indiscriminate designations) may expose the Challenging Party or Designating Party, respectively, to sanctions upon motion. Pending the Court's decision on a motion challenging a confidentiality designation, all Parties shall continue

to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## ARTICLE 7
## ACCESS TO AND USE OF PROTECTED MATERIAL

7.1  Basic Principles. A Receiving Party may use Protected Material disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation. The information shall be used for no other purpose by the Receiving Party; the information shall be used in no other legal proceeding by the Receiving Party. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document or item designated "CONFIDENTIAL" only to:

    7.2.1  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    7.2.2  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      7.2.3    Experts of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      7.2.4    the Court and its personnel;

      7.2.5    Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      7.2.6    during their depositions in this Litigation, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Order; and

      7.2.7    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed the document or knew the information contained therein.

## ARTICLE 8
## PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

      8.1.1    promptly notify in writing the Designating Party, including a copy of the subpoena or court order;

11

        8.1.2    promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order, including a copy of this Order; and

        8.1.3    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

    8.2    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material— and nothing in this Order should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## ARTICLE 9
## A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

    9.1    The terms of this Order apply to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties is protected by the remedies and relief provided by this Order. Nothing in this Order should be construed as prohibiting a Non-Party from seeking additional protections.

    9.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        9.2.1    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2744184.3

Case 1:22-cv-06348-AKH   Document 49   Filed 02/14/23   Page 13 of 19

11.1    Federal Rule of Evidence 502 shall apply to this Order. Thus, nothing in this Order shall require disclosure of information which is protected by the attorney–client privilege, work-product immunity, or other privilege or immunity. If a Producing Party becomes aware that it has produced information or Disclosure of Discovery Material it believes are protected by the attorney–client privilege, work-product immunity, or other privilege or immunity, the Producing Party should promptly notify each Receiving Party in writing of the production. The Producing Party need not provide the basis for its privilege assertion in its notice to a Receiving Party.

11.2    The inadvertent production by a Party of Disclosure or Discovery Material or other information subject to the attorney–client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Disclosure or Discovery Material or other information prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Disclosure or Discovery Material or other information is made promptly and in writing after the Producing Party learns of its inadvertent production.

11.3    Once a Receiving Party receives notice of the production, it shall make reasonable efforts to gather copies of the information and Disclosure or Discovery Material or other information it has distributed to others and shall return or destroy all copies of such produced and Disclosure or Discovery Material or other information to the Producing Party within five (5) business days of receiving such notice. Any notes or summaries referring or relating to any such produced Disclosure or Discovery Material or other information subject to a claim of privilege shall be destroyed forthwith.

11.4    Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney–client privilege or work-product immunity or other applicable privilege

designation by submitting a challenge to the Court. If the underlying claim of privilege or protection is contested, the Parties shall comply with Fed. R. Civ. P. 26(b)(5)(B) and the Receiving Party may promptly seek a judicial termination of the matter pursuant to that rule (a "Privilege Motion"). The Party asserting privilege retains the burden of establishing the privileged or protected nature of the subject information.

11.5   Each Receiving Party shall refrain from distributing or otherwise using the Disclosure or Discovery Material or other information for any purpose until the discoverability of the Disclosure or Discovery Material or other information, consistent with Fed. R. Civ. P. 26(b)(5)(B), is agreed by the Parties or resolved by the Court.

## ARTICLE 12
## MISCELLANEOUS

12.1   Right to Seek Modification or Waive. Nothing in this Order abridges the right of any person to seek modification of the Order by the Court. Any Producing Party or Designating Party may waive protections for its benefit under this Order by written notice to all Parties.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

12.3   Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the "Individual Rules of the Honorable Alvin K. Hellerstein" effective March 18, 2020.

## ARTICLE 13
## FINAL DISPOSITION

15

2744184.3

Within 60 days after the final disposition of this Action, as defined in Section 4 above, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this Section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. No matter whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this Section, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 above.

2744184.3

Respectfully submitted this 14th day of February, 2023.

By:     /s/ *Douglas I. Cuthbertson*
Douglas I. Cuthbertson
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013
Telephone: (212) 355-9500
dcuthbertson@lchb.com

Michael W. Sobol
Ian R. Bensberg
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 728-4417
msobol@lchb.com
ibensberg@lchb.com

Joseph Henry (Hank) Bates, III
Lee Lowther Courtney E. Ross
**CARNEY BATES & PULLIAM, PLLC**
519 W. 7th Street
Little Rock, AR 72201
Telephone: (501) 312-8500
hbates@cbplaw.com
llowther@cbplaw.com
cross@cbplaw.com

Andrew J. Shamis, Esq.
**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave, Suite 705
Miami, Florida 33132
Telephone: (305) 479-2299
ashamis@shamisgentile.com

Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (866) 252-0878
gklinger@milberg.com

*Attorneys for Plaintiff and the Proposed Class*

2744184.3

By: /s/ *Brian Pete*
Brian Pete, Esq.
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
77 Water Street, Suite 2100
New York, New York 10005
Tel.: 212.232.1363
Fax: 212.232.1399
brian.pete@lewisbrisbois.com

Christopher H. Wood, Esq.
**LEWIS BRISBOIS BISGAARD & SMITH LLP** 1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
Tel.: 303.861.7760
Fax: 303.861.7767 Christopher.Wood@lewisbrisbois.com

*Counsel for Defendant*
*The Epoch Times Association, Inc.*

### [PROPOSED] ORDER ENTERING STIPULATED PROTECTIVE ORDER

Pursuant to stipulation, IT IS SO ORDERED.

DATED:

2-14-23

SIGNED:

Hon. Alvin K. Hellerstein
United States District Judge

2744184.3

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury under the laws of the United States that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on [date] in the case of *Czarnionka v. The Epoch Times Ass'n, Inc.*, Civ. Action No. 1:22-cv-06348-AKH. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

2744184.3