**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAWRENCE CZARNIONKA, individually and on behalf of all others similarly situated, | Case No.: 1:22-cv-06348-AKH |
| Plaintiff, | Judge Alvin K. Hellerstein |
| v. | |
| THE EPOCH TIMES ASSOCIATION, INC., | |
| Defendant. | |

## UNOPPOSED MOTION AND MEMORANDUM OF LAW IN SUPPORT FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... iv

I.     INTRODUCTION ............................................................................................ 1

II.    PROCEDURAL BACKGROUND.................................................................. 3

III.   SUMMARY OF THE SETTLEMENT TERMS............................................. 5

      A.  The Settlement Class Encompasses Everyone Injured by the Privacy
          Intrusions Plaintiff Alleges Within the Statute of Limitations Period......................... 5

      B.  Epoch Times Has Agreed to, and Implemented, Significant Remedial Measures ....... 6

      C.  Epoch Times Has Agreed to Significant Injunctive Relief........................................... 6

      D.  The Settlement Release Does Not Release Settlement Class Members'
          Damages Claims ......................................................................................................... 7

      E.  The Proposed Notice Program Is Calculated to Afford Ample Notice ....................... 7

      F.  Counsel Will Apply for a Class Representative Service Award................................... 8

      G.  Counsel Will Apply for a Reasonable Fee Award and Reimbursement
          of Reasonable Litigation Expenses ........................................................................... 9

IV.   PROPOSED SCHEDULE OF EVENTS......................................................... 10

V.    APPLICABLE LEGAL STANDARDS ......................................................... 10

VI.   THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL............ 12

      A.  The Settlement Is Procedurally Fair ......................................................................... 12

      B.  The Relief Provided to the Settlement Class Is Adequate ........................................ 14

          1.  The Costs, Risks, and Delay of Trial and Appeal................................................. 15

          2.  Effectiveness of Any Proposed Method of Distributing Relief and
              Any Agreement Required to Be Identified .......................................................... 17

          3.  The Terms of any Proposed Award of Attorney's Fees ...................................... 18

      C.  The Settlement Treats Settlement Class Members Equitably..................................... 18

2831709.2

D.  Defendant Lacks the Ability to Withstand a Greater Judgment Consistent with the Claimed Damages ........................................................................... 19

E.  The Settlement Satisfies Other Grinnell Factors ......................................... 20

VII.  THE COURT SHOULD CONDITIONALLY CERTIFY THE SETTLEMENT CLASS ........................................................................................................ 22

A.  The Class Is Sufficiently Numerous .......................................................... 22

B.  Several Questions of Law and Fact Are Common to the Class ................................. 23

C.  The Class Representative's Claim Is Typical of the Settlement Class Members ....... 23

D.  The Proposed Class Representative and Class Counsel Have and Will Continue to Fairly and Adequately Represent the Settlement Class .......................... 24

E.  The Class Satisfies Rule 23(b)(2) .............................................................. 26

VIII. PLAINTIFF'S COUNSEL SHOULD BE APPOINTED CLASS COUNSEL. .................. 27

IX.  THE NOTICE PROGRAM IS ADEQUATE. .................................................... 28

X.  CONCLUSION .................................................................................... 30

2831709.2

# TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE(S)**

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ................................................................................. 22

*Arista Records LLC v. Usenet.com Inc.*,
   No. 07 Civ. 8822, 2010 WL 3629587 (S.D.N.Y. Sept. 16, 2010) ........................................... 17

*Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*,
   504 F.3d 229 (2d Cir. 2007) ......................................................................... 22

*City of Detroit v. Grinnell Corp.*,
   495 F.2d 448 (2d Cir. 1974) .................................................................... passim

*Consol. Rail Corp. v. Town of Hyde Park*,
   47 F.3d 473 (2d Cir. 1995) ......................................................................... 22

*Cordes & Co. Fin Servs. v. A.G. Edwards & Sons, Inc*.,
   502 F.3d 91 (2d Cir. 2007) ......................................................................... 12

*D'Amato v. Deutsche Bank*,
   236 F.3d 78 (2d Cir. 2001) ......................................................................... 14

*Denney v. Deutsche Bank AG*,
   443 F.3d 253 (2d Cir. 2006) ......................................................................... 25

*Diaz v. Google LLC*,
   No. 5:21-cv-3080, ECF No. 78 (N.D. Cal. Oct. 31, 2022) ......................................... 27

*Ebin v. Kangadis Food Inc.*,
   297 F.R.D. 561 (S.D.N.Y. 2014) ..................................................................... 24

*Fleisher v. Phoenix Life Ins. Co.*,
   No. 11-CV-8405 (CM), 2015 WL 10847814 (S.D.N.Y. Sept. 9, 2015) ................................. 15

*Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*,
   301 F.R.D. 116 (S.D.N.Y. 2014) ..................................................................... 23

*Frank v. Eastman Kodak Co.*,
   228 F.R.D. at 186 (W.D.N.Y. 2005) ................................................................. 20

*Gaston v. LexisNexis Risk Solutions, Inc*.,
   483 F. Supp. 3d 318 (W.D.N.C. 2020) ............................................................... 27

iv

*Gilliam v. Addicts Rehab. Ctr. Fund*,
   2008 U.S. Dist. LEXIS 23016 (S.D.N.Y. Mar. 24, 2008) ....................................................... 21

*Hicks v. Morgan Stanley & Co.*,
   2005 WL 2757792 (S.D.N.Y. Oct. 24, 2005) ........................................................................ 16

*Hilal Khalil Homaidan v. Sallie Mae, Inc.*,
   2023 Bankr. LEXIS 966 (E.D.N.Y Bankr. April 11, 2023) .................................................. 26

*In re Am. Bank Note Holographics, Inc.*,
   127 F. Supp. 2d 418 (S.D.N.Y. 2001)..................................................................................... 20

*In re Austrian & German Bank Holocaust Litig.*,
   80 F. Supp. 2d 164 (S.D.N.Y. 2000), *aff'd sub. nom. D'Amato v. Deutsche Bank*,
   236 F.3d 78 (2d Cir. 2001)..................................................................................................... 16

*In re Citigroup Inc. Bond Litig.*,
   296 F.R.D. 147 (S.D.N.Y. 2013) ........................................................................................... 14

*In re Currency Conversion Fee Antitrust Litig.*,
   263 F.R.D. 110 (S.D.N.Y. 2009) ........................................................................................... 15

*In re IMAX Sec. Litig.*,
   283 F.R.D. 178 (S.D.N.Y. 2012) (internal citation omitted) .................................................. 19

*In re Namenda Direct Purchaser Antitrust Litig.*,
   462 F. Supp. 3d 307 (S.D.N.Y. 2020)..................................................................................... 15

*In re NASDAQ Market–Makers Antitrust Litig.*,
   169 F.R.D. 493 (S.D.N.Y. 1996) ........................................................................................... 29

*In re PaineWebber Ltd. P'ships Litig.*,
   171 F.R.D. 104 (S.D.N.Y. 1997) *aff'd*, 117 F.3d 721 (2d Cir. 1997)...................................... 16

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
   330 F.R.D. 11 (E.D.N.Y. 2019) ....................................................................................... 15, 21

*In re Scotts EZ Seed Litig.*,
   304 F.R.D. 397 (S.D.N.Y. 2015) ........................................................................................... 24

*In re Synchrony Fin. Sec. Litig.*,
   No. 3:18-CV-1818-VAB, 2023 WL 4992933 (D. Conn. Aug. 4, 2023) ................................ 11

*In re Warner Chilcott Ltd. Sec. Litig.*,
   2008 WL 5110904 (S.D.N.Y. Nov. 20, 2008)........................................................................ 20

v

*Jermyn v. Best Buy Stores, L.P.*,
   No. 08 CIV. 214 CM, 2012 WL 2505644 (S.D.N.Y. June 27, 2012) ...................................... 27

*Katz-Lacabe v. Oracle Am. Inc.*,
   No. 3:22-cv-4792 (N.D. Cal. Apr. 6, 2023) ............................................................................. 25

*Liberty Res., Inc. v. City of Philadelphia*,
   No. CV 19-3846, 2023 WL 3204018 (E.D. Pa. May 1, 2023) ................................................ 18

*Maddison v. Comfort Sys. USA (Syracuse), Inc.*,
   No. 517CV359LEKATB, 2023 WL 3251421 (N.D.N.Y. May 3, 2023) ................................... 15

*Marisol A. v. Guiliani*, 126 F.3d 372 (2nd Cir. 1997) (internal quotations omitted) ................. 24

*Martens v. Smith Barney Inc.*,
   181 F.R.D. 243 (S.D.N.Y. 1998) (internal citation omitted) .................................................. 25

*Matheson v. T-Bone Rest., LLC*,
   No. 09 Civ. 4214, 2011 WL 6268216 (S.D.N.Y. Dec. 13, 2011) ........................................... 14

*Mayhew v. KAS Direct, LLC*,
   No. 16 CV 6981 (VB), 2018 WL 3122059 (S.D.N.Y. June 26, 2018) .................................... 30

*McDonald v. Kiloo A/S*,
   No. 3:17-cv-4344 (N.D. Cal.) .................................................................................................. 25

*McMahon v. Olivier Cheng Catering & Events, LLC*,
   No. 08 Civ. 8713, 2010 WL 2399328 (S.D.N.Y. Mar. 3, 2010) ............................................ 14

*Mollet v. Netflix Inc.*,
   795 F.3d 1062 (9th Cir. 2015) ................................................................................................. 16

*Morris v. Affinity Health Plan, Inc.*,
   859 F. Supp. 2d at 619 (S.D.N.Y. 2012) ................................................................................. 15

*Moses v. New York Times Co.*,
   No. 21-2556-CV, 2023 WL 5281138 (2d Cir. Aug. 17, 2023) ............................................... 11

*Newman v. Stein*,
   464 F.2d 689 (2d Cir. 1972) .................................................................................................... 20

*Robidoux v. Celani*,
   987 F.2d 931 (2nd Cir. 1993) .................................................................................................. 24

*Selby v. Principal Mut. Life Ins. Co.*,
   No. 98 CIV. 5283(RLC), 2003 WL 22772330 (S.D.N.Y. Nov. 21, 2003) ........................ 21, 27

vi

*Soler v. Fresh Direct LLC*,
   20 Civ. 3431, 2023 WL 2492977 (S.D.N.Y. Mar. 14, 2023) ................................................ 11

*Stinson v. City of N.Y.*,
   256 F. Supp. 3d 283 (S.D.N.Y. 2017)..................................................................................... 15

*Sykes v. Mel S. Harris & Assocs. LLC*,
   780 F.3d 70 (2d Cir. 2015)....................................................................................................... 26

*Tiro v. Public House Investments, LLC*,
   2013 WL 2254551 (S.D.N.Y. May 22, 2013) ......................................................................... 22

*Toure v. Cent. Parking Sys.*,
   2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28, 2007)...................................................... 24

*Trinidad v. Breakaway Courier Sys., Inc.*,
   2007 WL 103073 (S.D.N.Y. Jan. 12, 2007) (internal citation omitted) .................................. 24

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. at 350 (2011) ............................................................................................. 23, 26, 29

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
   396 F.3d 96 (2d Cir. 2005)............................................................................................. 12, 29

*Welch v. Theodorides-Bustle*,
   273 F.R.D 692 (N.D. Fla. 2010) .......................................................................................... 27

*Zivkovic v. Laura Christy LLC*,
   329 F.R.D. 61 (S.D.N.Y. 2018) ........................................................................................... 23

## STATUTES

Video Privacy Protection Act, 18 U.S.C. § 2710............................................................... 1, 6, 24

## OTHER AUTHORITIES

4 Newberg and Rubenstein on Class Actions § 11.27 (6th ed.) ..................................................... 22

4 Newberg and Rubenstein on Class Actions § 13:44 (6th ed.) ..................................................... 12

4 Newberg and Rubenstein on Class Actions, supra, at § 13:18 ................................................... 22

2831709.2

**RULES**

Fed. R. Civ. P. 23(a) ............................................................................................................... 22

Fed. R. Civ. P. 23(a)(1) ..................................................................................................... 22, 23

Fed. R. Civ. P. 23(a)(2) ........................................................................................................... 23

Fed. R. Civ. P. 23(a)(3) ..................................................................................................... 23, 24

Fed. R. Civ. P. 23(a)(4) ........................................................................................................... 24

Fed. R. Civ. P. 23(b) ............................................................................................................... 22

Fed. R. Civ. P. 23(b)(2) ..................................................................................................... passim

Fed. R. Civ. P. 23(b)(3) ....................................................................................................... 5, 13

Fed. R. Civ. P. 23(c)(3) ........................................................................................................... 29

Fed. R. Civ. P. 23(e) ............................................................................................................... 10

Fed. R. Civ. P. 23(e)(2) ..................................................................................................... 11, 22

Fed. R. Civ. P. 23(e)(2)(A) ...................................................................................................... 14

Fed. R. Civ. P. 23(e)(2)(A)–(B) ............................................................................................... 12

Fed. R. Civ. P. 23(e)(2)(C) ...................................................................................................... 14

Fed. R. Civ. P. 23(e)(2)(C)(i) ................................................................................................... 15

Fed. R. Civ. P. 23(e)(2)(C)(ii) .................................................................................................. 17

Fed. R. Civ. P. 23(e)(2)(C)(iii) ................................................................................................. 18

Fed. R. Civ. P. 23(e)(2)(C)(iv) ................................................................................................. 17

Fed. R. Civ. P. 23(e)(2)(D) ...................................................................................................... 18

Fed. R. Civ. P. 23(e)(3) ................................................................................................. 10, 15, 17

Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv) ........................................................................................... 27

Fed. R. Civ. P. 23(h) ................................................................................................................. 9

Fed. R. Civ. P. 54(d)(2) ............................................................................................................. 9

## I.      INTRODUCTION

Plaintiff Lawrence Czarnionka ("Plaintiff" or "Class Representative") moves unopposed for an order granting preliminary approval of the Class Action Settlement Agreement he has reached with The Epoch Times Association, Inc. ("Epoch Times" or "Defendant").[1] Plaintiff brought this action alleging Epoch Times violated his and other similarly situated individuals' rights under the Video Privacy Protection Act, 18 U.S.C. § 2710 (the "VPPA"), by disclosing his personally identifiable information to Meta Platforms, Inc. ("Meta," f/k/a Facebook Inc.). More specifically, Plaintiff alleged Epoch Times voluntarily installed the Meta tracking Pixel on its websites and configured the Pixel to disclose to Meta the Facebook ID and the video content the Epoch Times subscriber was requesting or obtaining. Through this litigation and the Settlement Agreement, with the Court's approval, Plaintiff will have remedied these privacy-invasive practices.

*First*, because of this litigation, Epoch Times has removed the Pixel from any webpage on an Epoch Times website accessible in the United States that includes video content and a URL that identifies the specific video requested or obtained from that website webpage, thus ending the conduct Plaintiff challenges in this action. *Second*, Epoch Times implemented and completed a process to ensure it does not possess any Settlement Class Member's "personally identifiable information," as defined in the VPPA, generated by the Pixel. *Third*, Epoch Times has agreed to

---

[1] Epoch Times does not oppose this motion and has agreed to and executed the Settlement Agreement, including the injunctive and remedial measures therein.  Consistent with the Settlement Agreement, Epoch Times does not admit liability and denies any statement in this motion suggesting otherwise.

an injunction restraining it from re-installing and operating the Pixel on any webpage on an Epoch Times website accessible in the United States that includes video content and a URL that identifies the specific video requested or obtained, thus ensuring Epoch Times cannot resume the conduct challenged in this action. Importantly, Plaintiff secured this relief without releasing any Settlement Class Member's claim for damages or other monetary relief.

Plaintiff agreed to settle this lawsuit without a damages component because, as more fully discussed below, Epoch Times disclosed that it has no insurance coverage for the claims asserted in this Action and that its finances do not permit a class-wide monetary settlement, much less a class-wide judgment. Moreover, Epoch Times provided Plaintiff with evidence of its inability to withstand a large monetary judgment. Despite these obstacles, the Settlement Agreement redresses the alleged privacy violations at issue in this litigation, ensures Epoch Times cannot resume the challenged conduct without obtaining Court approval to do so, and leaves Settlement Class Members' damages claims unimpaired.

For these reasons, Plaintiff submits the Settlement is fair, reasonable, and adequate, and respectfully requests that the Court (1) grant preliminary approval of the proposed class action settlement described in detail in the Class Action Settlement Agreement (the "Agreement") attached to the Joint Declaration of Douglas Cuthbertson and Hank Bates ("Plaintiff Counsel Joint Declaration") as **Exhibit 1**, (2) for settlement purposes, conditionally certify the Settlement Class under Federal Rule of Civil Procedure 23(b)(2), (3) appoint Michael W. Sobol and Douglas I. Cuthbertson, Lieff Cabraser Heimann & Bernstein LLP; Hank Bates and Lee Lowther, Carney Bates & Pulliam PLLC; and Gary M. Klinger, Milberg Coleman Bryson Phillips Grossman, PLLC

as Class Counsel, and (4) approve the proposed Notice Program,[2] set forth in the Settlement Agreement and attached to the Plaintiff Counsel Joint Declaration as **Exhibit 2** at ¶¶ 14-24.

## II.    PROCEDURAL BACKGROUND

Before initiating the instant action, Plaintiff's counsel conducted a thorough investigation as to the factual and legal merits of the claims and possible defenses, the proper measure of damages, and the likelihood of class action certification. Plaintiff Counsel Joint Decl. ¶ 5.

On July 26, 2022, Plaintiff filed a putative class action complaint against Epoch Times in this Court alleging violations of the VPPA. *Id.* ¶ 6.[3] The material allegations of the complaint center on Defendant's alleged disclosure of its subscribers' personally identifiable information, as defined under the VPPA, to Meta without consent via the Pixel, a business advertising and analytical tool offered by Meta, that Epoch Times chose to embed on its websites. *Id.*

On October 4, 2022, Epoch Times moved to dismiss the class action complaint under Rule 12(b)(6) arguing that the complaint failed to state a claim upon which relief could be granted. *Id.* ¶ 7. Plaintiff opposed that motion, and Defendant filed a reply. *Id.* On November 17, 2022, the Court denied Defendant's motion to dismiss in its entirety. *Id.* ¶ 8.

Epoch Times first informed Plaintiff's Counsel of its financial position following the Court's denial of its motion to dismiss. *Id.* ¶ 9. In December 2022, the Parties began to discuss

---

[2] Capitalized terms that are otherwise undefined have the same meaning as in the Settlement Agreement.

[3] One week before Plaintiff filed this action, a similar putative class case was filed against Epoch Times in the United States District Court for the Southern District for Ohio. *See Roberts et al. v. The Epoch Times Association, Inc.*, 2:22-cv-02862-MHW-CMV. The parties in that action briefed Epoch Times's motion to dismiss (ECF Nos. 5, 11, 17), and thereafter the plaintiff voluntarily dismissed the action (*see* ECF No. 20). Plaintiff's counsel in the *Roberts* Action subsequently appeared in this case. ECF Nos. 41, 43 & 46.

mediation, but those efforts stalled because Epoch Times would not provide documentation about its finances. *Id.* ¶ 10. Instead, on December 2, 2022, Defendant moved to certify a portion of the Court's order on Defendant's motion to dismiss order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and to stay the case pending resolution of that appeal. *Id.* ¶ 11. Plaintiff opposed that motion on December 15, 2022, and the Court denied the motion that same day. *Id.* Thereafter, Epoch Times answered the complaint. *Id.* ¶ 12.

Following the initial case management conference, the Court entered a Civil Case Management Plan and subsequently entered a stipulated protective order and stipulated ESI Order. *Id.* ¶ 13. Then, between January and April 2023, the Parties engaged in significant first-party and third-party discovery, including participating in several meet and confers with Epoch Times and with Meta concerning their respective discovery responses, serving a Rule 30(b)(6) notice on Epoch Times and preparing to take that deposition, and responding to Epoch Times's discovery served on Plaintiff, which required working with consultants to forensically image Plaintiff's computer. *Id.* ¶ 14. As a result, Plaintiff devoted significant resources to this litigation—most of which came after Epoch Times first asserted an inability to satisfy a judgment or fund a classwide settlement but was unwilling to substantiate those assertions. *Id.*

On April 27, 2023, Defendant filed a motion for judgment on the pleadings, which Plaintiff opposed and to which Defendant filed a reply. *Id.* ¶ 15. On June 8, 2023, at the Parties' request, the Court ordered resolution of Defendant's motion held in abeyance pending mediation with the Honorable Frank Maas (Ret.) on July 6, 2023. *Id.* ¶ 16.

The Parties agreed to mediate the dispute, in relevant part, based on discussions that identified aspects of Defendant's financial condition – irrespective of the Parties' positions on the

merits of the litigation – that would affect the contours of any potential settlement of the litigation. *Id.* ¶ 17. Prior to the mediation, the Parties exchanged both formal and informal discovery regarding the merits of the case, class certification, Defendant's lack of insurance coverage, and Defendant's ability to fund a class action settlement under Fed. R. Civ. P. 23(b)(3). *Id.* ¶ 23. Plaintiff also submitted several rounds of questions from a financial analyst employed by Plaintiff's counsel concerning Defendant's financial condition, and Defendant provided its responses. *Id.* ¶ 25. Additionally, Defendant provided documents concerning its financial condition and ability to fund a class action settlement under Rule 23(b)(3) to Judge Maas. *Id.*

On July 6, 2023, the Parties attended an all-day mediation with Judge Maas. *Id.* ¶ 18. This mediation resulted in a settlement in principle. *Id.* The Parties have now memorialized those settlement terms in the executed Settlement Agreement. *Id.* ¶ 19.

## III.  SUMMARY OF THE SETTLEMENT TERMS

The Settlement requires Epoch Times to do the following: (1) undertake the remedial measures described below; (2) be bound by the injunctive relief described below; (3) pay the costs of the class notice and administration; (4) pay a Service Award to Plaintiff approved by the Court of no more than $2,500.00; and (5) pay attorneys' fees and expenses approved by the Court not to exceed $730,000.00. *See* Plaintiff Counsel Joint Decl., Ex. 1.

### A. The Settlement Class Encompasses Everyone Injured by the Privacy Intrusions Plaintiff Alleges Within the Statute of Limitations Period.

The "Settlement Class" is defined as:

All individuals residing in the United States who were Facebook account holders and subscribers to Defendant's digital services during the Class Period and who requested or obtained any videos on any Epoch Times website while an active Facebook account holder during the Class Period.

5

*Id.* ¶ 1.19. The "Class Period" is defined as "the period from July 26, 2020,4 to and through the date of Preliminary Approval." *Id.* ¶ 1.3.

### B. Epoch Times Has Agreed to, and Implemented, Significant Remedial Measures.

Pursuant to the Settlement, Epoch Times agreed to (i) remove all Pixels embedded in any webpage on an Epoch Times website accessible in the United States that includes video content and a URL that identifies the specific video requested or obtained from that webpage, and (ii) implement and complete a process to ensure Epoch Times does not possess "personally identifiable information" (as that term is defined in the VPPA) of Settlement Class Members generated by the Pixel. *Id.* ¶ 2.1. These remedial measures have already been implemented as confirmed by representations and warranties Epoch Times makes in the Settlement Agreement. *Id.* ¶¶ 5.1.1–5.1.3.

### C. Epoch Times Has Agreed to Significant Injunctive Relief.

Epoch Times shall not resume operation of the Pixel on any webpage of its websites accessible in the United States that include video content and a URL that identifies the specific video requested or obtained from that webpage. *Id.* ¶ 3.1.1. Plaintiff may seek from the Court an injunction to enforce the terms of this Agreement, including Epoch Times's representations and warranties stated in paragraph 5.1 and its subparts. *Id.* ¶ 3.1.2. Notwithstanding the above, Epoch Times may seek relief from this injunction upon amendment or repeal of the VPPA or upon implementation of a VPPA-compliant consumer consent form. *Id.*

---

[4] July 26, 2020 is two years before this action was filed. ECF No. 1. The VPPA has a two-year statute of limitations period. 18 U.S. Code § 2710(c)(3).

### D. The Settlement Release Does Not Release Settlement Class Members' Damages Claims.

In exchange for undertaking the above described relief, Epoch Times will receive a full release of any and all claims that have been asserted in the Action, and any claim, liability, right, demand, suit, matter, obligation, action, or causes of action, of every kind and description, that the Releasing Parties have or could have presented or asserted against Epoch Times arising out of or reasonably relating to the operative factual predicate alleged in or otherwise described by Plaintiff's complaint in the Action. *Id.* ¶ 1.15. Importantly, however, because this is a settlement under Rule 23(b)(2), the Released Claims expressly "*do <u>not</u> include claims for damages or other monetary relief*" and "do not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the settlement contained in this Settlement Agreement." *Id* (emphasis added).

### E.  The Proposed Notice Program Is Calculated to Afford Ample Notice.

While class notice is not mandatory for injunctive relief settlements under Rule 23(b)(2) (*see supra* at p. 28), the Settlement Agreement outlines a robust online notice campaign and a settlement website. The Parties have agreed, subject to Court approval, that Kroll Settlement Administration ("Kroll") be appointed as Settlement Administrator. Plaintiff Counsel Joint Decl. ¶ 40. Kroll has ample experience in class action administration. *See* Plaintiff Counsel Joint Decl. at Ex. 2, ¶¶ 7-12. As Settlement Administrator, Kroll shall be responsible for effectuating the Notice Program (described below) consistent with the terms of the Settlement Agreement, as approved by the Court. *Id.*, Ex. 1 ¶ 8.2; *Id.*, Ex. 2 ¶¶ 14-24.

The Notice Program will publicize notice via fair, well-crafted banner ads to direct attention to the Settlement Website and reach Settlement Class Members on Epoch Times websites

accessible in the United States (including on theepochtimes.com) as well as social media and apps where Settlement Class Members are likely to visit. *Id.* ¶ 9.3; *id.*, Ex. 2 ¶¶ 14-24. The Settlement Website (e.g., www.EpochTimesVPPASettlement.com) will include the following information: (i) stand-alone descriptions of the injunctive relief and remedial measures; (ii) a summary of the Action and the Settlement terms; (iii) a "Contact Us" page with the Settlement Administrator's contact information; (iv) the Settlement Agreement, motions for approval and for attorneys' fees, and all other important documents in the case; (v) important case dates and deadlines, including the objection deadline; (vi) a summary of Settlement Class Members' rights, including how to object to the Settlement; and (vii) the date, time, and location of the Final Approval hearing. *Id.* ¶ 9.2; *see also id.*, Ex. 2 ¶¶ 14-24. In addition, the Notice Program will establish a toll-free telephone line with an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the litigation that is accessible 24 hours a day, 7 days a week. *Id.* ¶ 9.3; *id.*, Ex. 2 ¶¶ 23.

Epoch Times shall have the sole responsibility to pay for and fund the Notice Program, including all fees and expenses of the Settlement Administrator. *Id.* ¶ 9.5.

### F.  Counsel Will Apply for a Class Representative Service Award.

Mr. Czarnionka devoted significant energy and resources to the Action. Mr. Czarnionka provided information to his counsel that informed the class action complaint and, thereafter, regularly communicated with counsel about strategy and major case developments throughout the litigation. Plaintiff Counsel Joint Decl. ¶ 74. Mr. Czarnionka  participated in discovery, providing answers to interrogatories and documents in response to requests for production. *Id.* ¶ 75. Mr. Czarnionka   also provided his mobile device to counsel so that his device could be forensically

imaged and preserved safely for discovery purposes. *Id.* Plaintiff showed willingness and engagement through the mediation process, receiving appropriate updates about the status of mediation and understanding why the Settlement terms were appropriate under the circumstances of this case. *Id.* ¶ 76.

In recognition of these facts, if Plaintiff is appointed Class Representative and his counsel are appointed Class Counsel, counsel will apply for a Service Award to the Class Representative in the amount of $2,500 as compensation for serving as Class Representative in the Action. *Id.*, Ex. 1 ¶ 6.1.

### G. Counsel Will Apply for a Reasonable Fee Award and Reimbursement of Reasonable Litigation Expenses.

If Plaintiff's counsel are appointed Class Counsel, they will apply for a fees and costs award not to exceed $730,000.00 to cover their attorneys' fees and reasonable litigation expenses. Plaintiff Counsel Joint Decl., Ex. 1 ¶ 7.1. This sum is approximately equivalent to Plaintiff's counsels' fees and costs in this matter, without any multiplier. *Id.* ¶ 72. The Parties did not address the issue of attorneys' fees and expenses until after they had reached an agreement in principle with respect to the substantive terms of the Settlement, including the proposed injunctive relief and the recognition of remedial measures. *Id.* ¶ 73. The Settlement Agreement is in no way contingent upon the Court's award of attorneys' fees and costs. *Id.*, Ex. 1 ¶ 7.3. Indeed, the Parties have agreed to accept as final, and not appeal, any award of attorneys' fees and costs up to the $730,000.00 cap. *Id.* Plaintiff will file a formal motion for approval of fees and costs before his motion for final approval of the Settlement and before the end of the objection period. *See* Fed. R. Civ. P. 23(h); Fed. R. Civ. P. 54(d)(2).

## IV.     PROPOSED SCHEDULE OF EVENTS

Consistent with the provisions of the Settlement Agreement, the Parties respectfully propose the following schedule for the various Settlement events:

| Event | Date |
|---|---|
| Deadline for Settlement Website and IVR to go live | 21 calendar days following entry of Preliminary Approval |
| Deadline to commence Notice Program ("Settlement Notice Date") | 30 calendar days following entry of Preliminary Approval and to be substantially completed 45 days following entry of Preliminary Approval |
| Deadline for Plaintiff's application for attorneys' fees and costs and a Service Award | 75 calendar days  following entry of Preliminary Approval |
| Deadline for objections[5] to be postmarked | 90 calendar days following entry of Preliminary Approval |
| Deadline for Plaintiff to file his Final Approval Motion | 14 calendar days prior to Final Approval hearing |
| Deadline for Parties to file all papers in response to any timely and valid objections | 14 calendar days prior to Final Approval hearing |
| Final Approval hearing | At least 115 calendar days after entry of Preliminary Approval |

## V.     APPLICABLE LEGAL STANDARDS

Rule 23(e) requires courts to ensure that a class settlement is "fair, reasonable, and adequate" in light of the following factors:

(A) the class representatives and class counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
  (i) the costs, risks, and delay of trial and appeal;
  (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
  (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
  (iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

---

[5] There is no ability to opt out of a Rule 23(b)(2) settlement.

Fed. R. Civ. P. 23(e)(2); *Moses v. New York Times Co.*, No. 21-2556-CV, 2023 WL 5281138, at
*4 (2d Cir. Aug. 17, 2023) (same).

 "In deciding whether the compromise is fair, reasonable, and adequate, the court must
consider both the substantive terms of the settlement and whether the negotiating process by which
the settlement was reached shows that the compromise is the result of arm's-length negotiations."
*In re Synchrony Fin. Sec. Litig.*, No. 3:18-CV-1818-VAB, 2023 WL 4992933, at *3 (D. Conn.
Aug. 4, 2023) (internal quotations omitted and cleaned up). In performing this analysis, courts in
this Circuit now supplement the Rule 23(e)(2) factors with the nine factors set forth in *City of
Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). *See Moses*, 2023 WL 5281138, at *4 ("the
revised Rule 23(e)(2) does not displace our traditional *Grinnell* factors, which remain a useful
framework for considering the substantive fairness of a settlement."); *Soler v. Fresh Direct LLC*,
20 Civ. 3431, 2023 WL 2492977, at *2 n.3 (S.D.N.Y. Mar. 14, 2023) ("The advisory committee
notes ... indicate that the ... Rule 23 factors were not intended to displace the *Grinnell* factors, but
to focus courts on the core concerns of procedure and substance." (internal quotation marks
omitted)). The *Grinnell* factors are: (1) the complexity, expense and likely duration of the
litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the
amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing
damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the
defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund
in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to
a possible recovery in light of all the attendant risks of litigation. *City of Detroit v. Grinnell Corp.*,
495 F.2d at 463 (2d Cir 1974).

Finally, courts in this Circuit recognize a "strong judicial policy in favor of settlements, particularly in the class action context." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *see also* 4 Newberg and Rubenstein on Class Actions § 13:44 (6th ed.) ("Settlement is generally favored because it represents a compromise reached between the parties to the suit and relieves them, as well as the judicial system, of the costs and burdens of further litigation.").

## VI.   THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL.

### A.  The Settlement Is Procedurally Fair.

The Court must first consider whether "the class representatives and class counsel have adequately represented the class" and whether "the proposal was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(A)–(B); *see also Grinnell*, 495 F.2d at 463 (overlapping with the third *Grinnell* factor, *i.e.* the stage of the proceedings and the amount of discovery completed). In assessing adequacy of representation, the court focuses on whether "1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Cordes & Co. Fin Servs. v. A.G. Edwards & Sons, Inc*., 502 F.3d 91, 99 (2d Cir. 2007).

Plaintiff's interests are aligned with the Class: each suffered the same alleged injury (the improper disclosure of personally identifiable information to Meta without consent via the Pixel) and have the same interest in securing remedial and injunctive relief resulting in the cessation of the collection and possession of their personally identifiable information. Moreover, the remedial and injunctive relief applies uniformly to benefit all members of the Settlement Class. Thus, there is no conflict between Plaintiff and the members of the Settlement Class.

2831709.2

In addition, Plaintiff's counsel are highly qualified. They have extensive experience and knowledge in prosecuting similar consumer class actions, particularly those involving privacy violations, and including those under the VPPA. *See* Plaintiff Counsel Joint Decl. ¶¶ 52-70 (attaching firm resumes as Exhibits 3-6). Moreover, Plaintiff's counsel dedicated significant time and personnel to the prosecution and settlement of this Action. As set forth above, Plaintiff engaged in extensive factual investigation and discovery prior to mediation, including formal and informal discovery regarding the merits of the case, class certification, and Defendant's ability to fund a class action settlement under Rule 23(b)(3). *See also* Plaintiff Counsel Joint Decl. ¶¶ 5-18. Between January and April 2023, the Parties engaged in significant offensive first-party and third-party discovery, including participating in several meet and confers with Epoch Times and with Meta concerning their respective discovery responses. *Id.* ¶ 14. Plaintiff served a Rule 30(b)(6) notice on Epoch Times and prepared to take the deposition. *Id.* Plaintiff also responded to the discovery Epoch Times propounded on him, which required working with consultants to forensically image Plaintiff's computer. *Id.*

The Parties agreed to mediate based in part on Defendant's suggestion that it would not be able to pay a damages judgment under Rule 23(b)(3). Plaintiff therefore submitted several rounds of questions from a financial analyst employed by Plaintiff's counsel concerning Defendant's financial condition, and Defendant provided its responses. *Id.* ¶ 25. Additionally, after initially refusing to do so, Defendant eventually provided documents concerning its financial condition and inability to fund a class action settlement to Judge Maas. *Id.*

This thoroughness and consistently adversarial posture favors preliminary approval. *See, e.g., McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713, 2010 WL 2399328,

2831709.2

at *5 (S.D.N.Y. Mar. 3, 2010) (finding that the parties' "efficient informal exchange of information" was enough discovery to recommend settlement approval); *Matheson v. T-Bone Rest., LLC*, No. 09 Civ. 4214, 2011 WL 6268216, at *5 (S.D.N.Y. Dec. 13, 2011) (granting final approval where parties engaged in informal information exchange with no depositions because "Plaintiffs obtained sufficient discovery to weigh the strengths and weaknesses of their claims" and "[t]he parties' participation in a day-long mediation allowed them to further explore the claims and defenses"). The third *Grinnell* factor thus favors preliminary approval of the Settlement.

In sum, Plaintiff's interests are aligned with the interests of Settlement Class Members. Plaintiff's counsel had the ability to, and did, thoroughly and effectively represent the interests of the Settlement Class throughout the adversarial litigation and the mediation process. As such, the Settlement satisfies Rule 23(e)(2)(A) and (B), as well as the third *Grinnell* factor, and is thus procedurally fair. *See In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 155 (S.D.N.Y. 2013) (settlement was procedurally fair where negotiations were overseen by a neutral mediator and parties engaged in "extensive and contested" discovery beforehand); *see also D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (recognizing mediator's involvement in "settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure").

**B. The Relief Provided to the Settlement Class Is Adequate.**

Next, the Court must assess the Settlement's substantive fairness. Rule 23(e)(2)(C) enumerates four factors to be considered when assessing whether the relief provided to the Settlement Class is adequate: (i) "the costs, risks, and delay of trial and appeal," (ii) "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims," (iii) "the terms of any proposed award of attorney's fees,

14

including timing of payment," and (iv) "any agreement required to be identified under Rule 23(e)(3)." *See also Grinnell*, 495 F.2d at 463 (overlapping with *Grinnell* factors one, four through six, eight, and nine).

### 1. The Costs, Risks, and Delay of Trial and Appeal.

Rule 23(e)(2)(C)(i) first requires courts to consider "the costs, risks, and delay of trial and appeal." This inquiry overlaps with *Grinnell* factors one ("complexity, expense, and likely duration of the litigation") and four, five, and six (risks of establishing liability and damages and maintaining the class). *See Maddison v. Comfort Sys. USA (Syracuse), Inc.*, No. 517CV359LEKATB, 2023 WL 3251421, at *4 (N.D.N.Y. May 3, 2023); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 36 (E.D.N.Y. 2019). The Court need not "decide the merits of the case," "resolve unsettled legal questions," or "foresee with absolute certainty the outcome." *Fleisher v. Phoenix Life Ins. Co.*, No. 11-CV-8405 (CM), 2015 WL 10847814, at *8 (S.D.N.Y. Sept. 9, 2015) (cleaned up). "[R]ather, the Court need only assess the risks of litigation against the certainty of recovery under the proposed settlement." *Id.* Courts recognize that "the complexity of Plaintiff's claims ipso facto creates uncertainty." *In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 123 (S.D.N.Y. 2009).

Here, continued litigation would be "complex, expensive, and lengthy." *In re Namenda Direct Purchaser Antitrust Litig.*, 462 F. Supp. 3d 307, 312 (S.D.N.Y. 2020); *see also, e.g., Stinson v. City of N.Y.*, 256 F. Supp. 3d 283, 289 (S.D.N.Y. 2017) (same); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d at 619 (S.D.N.Y. 2012). This is a complex class action that has been and would continue to be very costly to litigate through trial. *See* Plaintiff Counsel Joint Decl. ¶¶ 5-27; *see also In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000),

*aff'd sub. nom. D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001) ("Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them."). Moreover, had litigation continued, the Parties would likely have retained expensive forensics and other experts for class certification, summary judgment, and trial, resulting, at minimum, in protracted *Daubert* briefing. And Epoch Times has already demonstrated its willingness to seek the Second Circuit's intervention even as to ordinary interlocutory orders, promising further expense and delay. By reaching a favorable settlement with the assistance of a neutral mediator, the Parties avoided even more significant expense and delay. *See Hicks v. Morgan Stanley & Co.*, 2005 WL 2757792, at *6 (S.D.N.Y. Oct. 24, 2005) ("Further litigation would necessarily involve further costs; justice may be best served with a fair settlement today as opposed to an uncertain future settlement or trial of the action.").

Further, Plaintiff would face significant risks in establishing liability and damages if this Action were to proceed. Litigation inherently involves risks and uncertainty. *In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997) *aff'd*, 117 F.3d 721 (2d Cir. 1997). This is especially true here, where Plaintiff faces substantial uncertainty in applying a privacy statute originally drafted to address disclosure of VHS rental store watch lists to 21st Century Internet consumer surveillance technologies. *See Mollet v. Netflix Inc.*, 795 F.3d 1062, 1066 (9th Cir. 2015) (discussing history and purpose of VPPA). Moreover, Plaintiff's liability proof may involve both first- and third-party discovery (from Epoch Times and Meta, respectively). Finally, proof of actual damages would likely involve substantial exploration of how both Epoch Times and Meta use the data transmitted to Meta by the Pixel. While the VPPA provides for statutory damages, imposition of such damages on a class-wide basis is not necessarily a straightforward matter. *See, e.g., Arista*

16

2831709.2

*Records LLC v. Usenet.com Inc.*, No. 07 Civ. 8822, 2010 WL 3629587, at *4–5 (S.D.N.Y. Sept. 16, 2010) (discussing interaction of statutory damages and due process). Though Plaintiff believes in the merits of his case, settlement here avoids this significant uncertainty while ending the challenged conduct without sacrificing any Settlement Class Member's right to pursue damages.

Additionally, the risk of maintaining class status through trial in this Action is significant. The Court has not yet certified the case as a class action. Such a determination would only be reached after additional first- and third-party discovery, and exhaustive briefing. If the Court were to determine that statutory damages could not be imposed on a classwide basis, there is a risk that individualized damages determinations would overwhelm the common issues. Additionally, even if the Court were to certify the Class (and deny efforts to decertify it thereafter), Epoch Times has shown a desire and ability to seek appellate review of this Court's interlocutory decisions, so even an initially favorable result would likely be delayed and possibly defeated by Epoch Times's Rule 23(f) petition. Finally, even if Plaintiff obtained a judgment on behalf of the Class consistent with the claimed damages, the Class would likely never recover on that judgment because Epoch Times has maintained it does not have sufficient funds to satisfy such a judgment. The Settlement Agreement eliminates these risks while providing significant relief to the Settlement Class. These factors sharply weigh in favor of preliminary approval.

### 2. Effectiveness of Any Proposed Method of Distributing Relief and Any Agreement Required to Be Identified.

Rule 23(e)(2)(C)(ii) requires that the "proposed method of distributing relief to the class" be "effective," while Rule 23(e)(2)(C)(iv) requires identification of any agreement under Rule 23(e)(3). Because of the nature of the remedial and injunctive relief in this Settlement, these factors

are neutral. *See, e.g., Liberty Res., Inc. v. City of Philadelphia*, No. CV 19-3846, 2023 WL 3204018, at \*8 n5 (E.D. Pa. May 1, 2023).

### 3.   The Terms of any Proposed Award of Attorney's Fees.

The Court also considers the "terms of any proposed award of attorney's fees, including timing of payment." Fed. R. Civ. P. 23(e)(2)(C)(iii). Under the Settlement, if Plaintiff's counsel are appointed Class Counsel, they will apply for a fees and costs award not to exceed $730,000.00 to cover their attorneys' fees and reasonable litigation expenses. *Id.,* Ex. 1 ¶ 7.1. This sum is approximately equivalent to Plaintiff's counsels' fees and costs in this matter, without any multiplier. Plaintiff Counsel Joint Decl. ¶ 72. The Parties addressed the issue of attorneys' fees and expenses, with the assistance of Judge Maas, only after they had reached an agreement in principle with respect to the substantive terms of the Settlement, including the proposed injunctive relief, and recognition of remedial measures. *Id.* ¶ 73. The Settlement Agreement is in no way contingent upon the Court's award of attorneys' fees and costs. *Id.*, Ex. 1 ¶ 7.3. Indeed, the Parties have agreed to accept as final, and not appeal, any award of attorneys' fees and costs up to the $730,000.00 cap. *Id.* Plaintiff's counsel will not receive any funds until the Court has granted its fee request.

### C.  The Settlement Treats Settlement Class Members Equitably.

Finally, the proposed Settlement treats members of the Settlement Class equitably relative to one another. *See* Fed. R. Civ. P. 23(e)(2)(D). Here, there is no preferential treatment for any members of the Settlement Class as the remedial and injunctive relief applies uniformly to benefit all members of the Settlement Class.

2831709.2

**D. Defendant Lacks the Ability to Withstand a Greater Judgment Consistent with the Claimed Damages.**

Under the seventh *Grinnell* factor, a court also considers "the ability of the defendants to withstand a greater judgment." *Grinnell*, 495 F.2d at 463. Courts do not require that a defendant "empty its coffers before a settlement can be found adequate." *In re IMAX Sec. Litig.*, 283 F.R.D. 178, 191 (S.D.N.Y. 2012) (internal citation omitted).

From the beginning, Plaintiff's complaint primarily sought declaratory and injunctive relief, because it was critically important that Epoch Times cease its alleged improper use of the Pixel to invade Plaintiff's and Class members' privacy rights. After extensive discovery and disclosure of Defendant's financial situation and lack of insurance coverage to Plaintiff's counsel, it became clear Defendant would not be able to withstand a large monetary judgement consistent with the claimed damages or to reasonably fund a damages settlement. *See* Plaintiff Counsel Joint Decl. ¶¶ 14, 27, 36; *id.*, Ex. 1 ¶ 5.1.4. Through review of publicly-available information and formal and informal discovery, Plaintiff's counsel estimates that the proposed Class is comprised of multiple millions of individuals.[6]  With statutory damages of $2,500, any judgment would be in the billions of dollars. Moreover, Epoch Times's representations about its finances—made in good faith and supported by documentary evidence—support the conclusion that it does not have the ability to fund a fair and reasonable damages settlement for a Class comprised of millions of individuals. *Id.* Thus, this *Grinnell* factor favors preliminary approval.

---

[6] For example, Epoch Times's publicly-available marketing materials disclose there are 20 million unique digital users per month (*see, e.g.,* https://epochmedia.kr/TheEpochTimes_MediaKit_2021.pdf?ckattempt=2), and users are required to sign in and provide an email address in order to access content.

### E.  The Settlement Satisfies Other Grinnell Factors.[7]

*Grinnell* factors eight and nine also weigh in favor of preliminary approval of the Settlement. The determination of whether a settlement is reasonable "does not involve the use of a mathematical equation yielding a particularized sum." *Frank v. Eastman Kodak Co.*, 228 F.R.D. at 186 (W.D.N.Y. 2005). "Instead, 'there is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Id.* (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). The Second Circuit has noted that courts may approve settlements even where the recovery is a fraction of the amount recoverable at trial. *Grinnell*, 495 F.2d at 455 n.2 ("There is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth of a single percent of the potential recovery."); *see also In re Am. Bank Note Holographics, Inc.*, 127 F. Supp. 2d 418, 428 (S.D.N.Y. 2001) (same).

In negotiating the Settlement Agreement, Plaintiff's counsel carefully considered the remedial measures and injunctive relief proffered to Settlement Class Members. Plaintiff Counsel Joint Decl. ¶ 36, Ex. 1 ¶¶ 2.1, 3.1. Plaintiff's counsel balanced the Settlement Agreement against possible outcomes of a trial on the merits. *Id.* ¶ 36. Here, even a complete victory against a Defendant incapable of satisfying a judgment consistent with the claimed damages would be, as a practical matter, only a nominal victory. *Id.* ¶ 36. Under these circumstances, the best Class

---

[7] At this time, it is not possible to evaluate the reaction of the Settlement Class. *In re Warner Chilcott Ltd. Sec. Litig.*, 2008 WL 5110904, at *2 (S.D.N.Y. Nov. 20, 2008) ("Since no notice has been sent, consideration of this factor is premature."). Plaintiff will provide analysis of the Settlement Class's reaction to the Settlement at final approval.

Members might be able to hope for would be remedying the past violations—by purging Epoch Times's database of any data obtained through the Pixel—and enjoining its future use of the Pixel in the manner challenged here. *Id.* The Settlement accomplishes both of those goals now, without the risks, costs, and delay described above. *Id.*

Plaintiff's counsel weighed these risks, in addition to the normal perils of litigation, in reaching the Settlement. *Id.* Plaintiff's counsel carefully considered the changes to the Defendant's business practices and agreement to refrain from unlawful practices in the future. *Id.* Where a settlement assures immediate relief to class members (in this case, immediate remedial measures and injunctive relief), and does not "sacrific[e] speculative payment of a hypothetically larger amount years down the road," the Settlement is reasonable. *See Gilliam v. Addicts Rehab. Ctr. Fund*, 2008 U.S. Dist. LEXIS 23016, *5 (S.D.N.Y. Mar. 24, 2008) (internal citation omitted). Just so here. Because the Settlement Agreement provides immediate and significant relief, without the attendant risks of continued litigation, the final *Grinnell* factors favor approval.

Lastly, while not an official *Grinnell* factor, courts may also look to the scope of the release. *See In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 330 F.R.D. at 42 n.41 (E.D.N.Y. 2019). Here, because this is a settlement under Rule 23(b)(2), the Released Claims expressly "do not include claims for damages or other monetary relief." Plaintiff Counsel Joint Decl., Ex. 1 ¶ 1.15. Thus, the release is narrowly tailored, preserving every Settlement Class Members' right to pursue their own damages claims, and appropriate. *See Selby v. Principal Mut. Life Ins. Co.,* No. 98 CIV. 5283(RLC), 2003 WL 22772330, at *3 (S.D.N.Y. Nov. 21, 2003) (finding narrow release of class claims that allowed class members who believe they may have been injured by the alleged practice to pursue claims for monetary relief through individual or

class suits weighed in favor or preliminary approval).

Consequently, the relevant factors under Rule 23(e)(2) and *Grinnell* strongly support approval. As such, this Court should find that it is likely to approve the Settlement.

## VII.   THE COURT SHOULD CONDITIONALLY CERTIFY THE SETTLEMENT CLASS.

Plaintiff respectfully requests that the Court conditionally certify the Settlement Class for purposes of effectuating the Settlement. The proposed Settlement Class satisfies the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy, and at least one of the requirements in Rule 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997); Newberg, *supra*, at § 13:18. The certification requirements are met. For settlement purposes Defendant consents to provisional certification . *See Tiro v. Public House Investments, LLC*, 2013 WL 2254551, at *3 (S.D.N.Y. May 22, 2013) ("[w]hen the court has not yet entered a formal order determining that the action may be maintained as a class action, the parties may stipulate that it be maintained as a class action for the purpose of settlement only.") (citing Newberg § 11.27).

### A.  The Class Is Sufficiently Numerous.

Rule 23(a)(1) requires the class be sufficiently numerous. Plaintiff must show "that the difficulty or inconvenience of joining all members of the class make the use of the class action appropriate." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 245 (2d Cir. 2007). "[N]umerosity is presumed at … 40 members." *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). Here, the Settlement Class is defined as "all individuals residing in the United States who were Facebook account holders and subscribers to Defendant's digital services during the Class Period, and who requested or obtained any videos on any Epoch Times website while an active Facebook account holder

during the Class Period." Plaintiff Counsel Joint Decl., Ex. 1 ¶ 1.19. Based on the exchange of information conducted in this Action, Plaintiff has assessed that the Settlement Class consists of millions of individuals, making joinder of all members of the class impractical. Plaintiff Counsel Joint Decl. ¶ 24. Thus, Rule 23(a)(1) is satisfied.

### B.  Several Questions of Law and Fact Are Common to the Class.

Rule 23(a)(2) requires "questions of law or fact common to the class." This threshold is satisfied if the question is "capable of class wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. at 350 (2011). A single common question satisfies the commonality inquiry. *Id.* at 359. "The claims for relief need not be identical for them to be common." *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61, 69 (S.D.N.Y. 2018). Rather, Rule 23(a)(2) is a "low hurdle." *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 301 F.R.D. 116, 131 (S.D.N.Y. 2014).

There are numerous questions of law and fact common to Plaintiff and the Settlement Class Members, capable of classwide resolution, and susceptible to common proof, *e.g.*, (1) whether Epoch Times knowingly disclosed Plaintiff's and Settlement Class Members' personally identifiable information to Meta; (2) whether Epoch Times's conduct violates the VPPA; and (3) whether Epoch Times should be enjoined from disclosing Plaintiff's and Settlement Class Members' personally identifiable information. *See* Compl. ¶ 47, ECF No. 1. Rule 23(a) is satisfied.

### C.  The Class Representative's Claim Is Typical of the Settlement Class Members.

Rule 23(a)(3) requires that the representative parties' claims be typical of those of the class. Typicality is satisfied "when each class member's claim arises from the same course of events,

2831709.2

and each class member makes similar legal arguments to prove the defendant's liability." *Marisol A. v. Guiliani*, 126 F.3d 372, 376 (2nd Cir. 1997) (internal quotations omitted). "Minor variations in the fact patterns underlying individual claims" do not defeat typicality when the defendant directs "the same unlawful conduct" at the named plaintiff and the class. *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2nd Cir. 1993). Courts evaluate typicality "with reference to the company's actions, not with respect to particularized defenses it might have against certain class members." *Trinidad v. Breakaway Courier Sys., Inc.*, 2007 WL 103073, at *6 (S.D.N.Y. Jan. 12, 2007) (internal citation omitted).

Here, Epoch Times directed the same conduct, which Plaintiff alleges violates the VPPA, at Plaintiff and all Settlement Class Members. Plaintiff's claim arises from the same set of facts and the same theory of liability as the claims of the Settlement Class Members. Rule 23(a)(3) is therefore satisfied. *See Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 565-66 (S.D.N.Y. 2014) (holding that the typicality requirement was satisfied where "the lead plaintiffs' and other class members' claims ar[o]se out of the same course of conduct by the defendant and [were] based on the same legal theories"); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 405-406 (S.D.N.Y. 2015) (same).

   **D.  The Proposed Class Representative and Class Counsel Have and Will Continue to Fairly and Adequately Represent the Settlement Class.**

Finally, Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." "The adequacy requirement exists to ensure that the class representatives will have an interest in vigorously pursuing the claims of the class, and . . . have no interests antagonistic to the interests of other class members." *Toure v. Cent. Parking Sys.*, 2007 U.S. Dist. LEXIS 74056, at *18-19 (S.D.N.Y. Sept. 28, 2007) (quoting *Denney v. Deutsche Bank*

*AG*, 443 F.3d 253, 268 (2d Cir. 2006)). "[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." *Martens v. Smith Barney Inc.*, 181 F.R.D. 243, 259 (S.D.N.Y. 1998) (internal citation omitted).

The interests of Plaintiff and Plaintiff's counsel are not antagonistic to the Settlement Class. Plaintiff and the Settlement Class Members all (1) had subscriptions to Defendant's digital services, (2) requested or obtained video content on a website operated by Epoch Times, and (3) used Facebook during the time Meta's Pixel was active on Epoch Times's website. Therefore, Plaintiff and the Settlement Class Members all have the same interest in obtaining remedial and injunctive relief and have no other cognizable, conflicting interests. Thus, Plaintiff will fairly and adequately protect Settlement Class Members' interests.

Plaintiff's counsel are comprised of five firms, each of whom are experienced and competent in the prosecution of complex class actions, including privacy class actions such as this one. *See* Plaintiff Counsel Joint Decl. ¶¶ 26-70. For example, Michael W. Sobol and Douglas I. Cuthbertson, of Lieff Cabraser Heimann & Bernstein, have successfully prosecuted novel and cutting-edge privacy claims, including recent claims against Oracle for constructing "cradle-to-grave" profiles on millions of Americans, *see Katz-Lacabe v. Oracle Am. Inc.*, No. 3:22-cv-4792 (N.D. Cal. Apr. 6, 2023), ECF No. 49, and against mobile app developers for invading children's privacy, *McDonald v. Kiloo A/S*, No. 3:17-cv-4344 (N.D. Cal.), resulting in a settlement the *New York Times* hailed as potentially "prompt[ing] industrywide changes for apps and ads aimed at young people." Natasha Singer, *Disney and Ad-Tech Firms Agree to Privacy Changes for Children's Apps*, N.Y. Times (Apr. 13, 2021). Similarly, Hank Bates and Lee Lowther of Carney Bates & Pulliam PLLC have served as class counsel in such notable cases as (1) *Matera, et al. v.*

25

*Google, Inc.*, 5:15-cv-04062-LHK, securing a class action settlement in 2018 requiring Google to stop using content derived from email transmissions for user profiling and targeted advertising, (2) *Campbell, et al. v. Facebook, Inc.*, 4:13-cv-05996-PJH (N.D. Cal.), securing a settlement in 2017 requiring disclosures of and limitations on Facebook's interception and use of private message content, and (3) *Volino, et al., v. Progressive Cas. Ins. Co., et al.*, 1:21-cv-06243 (S.D.N.Y.), an ongoing class action pending in this district alleging claims for breach of contract and violations of New York General Business Law ("GBL") § 349. Plaintiff's counsel are capable and committed to achieving the best result for Plaintiff and the Settlement Class and can draw on the firms' collective years of experience to do so. *Id.* ¶¶ 46-70 and Exs. 3-6 (firm resumes).

### E. The Class Satisfies Rule 23(b)(2).

Class certification is appropriate where the defendant "has acted or refused to act on grounds generally applicable to the class," thereby making injunctive or declaratory relief appropriate on a classwide basis. Fed. R. Civ. P. 23(b)(2). The defining characteristic of a Rule 23(b)(2) class is "the indivisible nature of the injunctive or declaratory remedy warranted— the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Dukes*, 564 U.S. at 360.

Here, Epoch Times has "engaged in the exact same conduct as to every class member"— allegedly disclosing their personally identifiable information to Meta without their consent in violation of the VPPA. *Hilal Khalil Homaidan v. Sallie Mae, Inc.*, 2023 Bankr. LEXIS 966, at *144 (E.D.N.Y Bankr. April 11, 2023) (certifying class under Rule 23(b)(2)). Further, the remedial measures and injunctive relief in this case "sweep[] broadly enough to benefit each class member." *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 97 (2d Cir. 2015) (affirming class certification

2831709.2

under Rule 23(b)(2)). As in other cases concerning violations of individuals' statutory privacy rights, the Court should conclude that certification is appropriate pursuant to Rule 23(b)(2). *See Jermyn v. Best Buy Stores, L.P.*, No. 08 CIV. 214 CM, 2012 WL 2505644, at *12 (S.D.N.Y. June 27, 2012) (approving injunctive relief settlement that preserved class members' monetary claims); *Selby v. Principal Mut. Life Ins. Co.*, No. 98 CIV. 5283(RLC), 2003 WL 22772330, at *3 (S.D.N.Y. Nov. 21, 2003) (approving settlement of injunctive relief class); *see, e.g., Diaz v. Google LLC*, No. 5:21-cv-3080, ECF No. 78 (N.D. Cal. Oct. 31, 2022) (certifying for settlement purposes Rule 23(b)(2) class in case alleging privacy violations by defendant's COVID contact tracing application); *Gaston v. LexisNexis Risk Solutions, Inc*., 483 F. Supp. 3d 318, 342–43 (W.D.N.C. 2020) (certifying Rule 23(b)(2) class based on defendant's disclosure of private information about class members to a third-party in violation of a federal statute); *Welch v. Theodorides-Bustle*, 273 F.R.D 692 (N.D. Fla. 2010) (same).

## VIII.   PLAINTIFF'S COUNSEL SHOULD BE APPOINTED CLASS COUNSEL.

In appointing class counsel, the Court considers proposed counsel's (1) work in identifying or investigating the claims, (2) experience in handling class actions and the types of claims asserted in the Actions, (3) knowledge of the applicable law, and (4) resources they will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv). Plaintiff's counsel satisfies all four factors.

First, Plaintiff's counsel have invested substantial time and resources into the prosecution of the Action, including (1) investigating the claims and filing two complaints; (2) defeating Defendant's motion to dismiss and its appeal thereof; (3) serving discovery and pressing for responsive documents and evidence, including multiple meet and confers and related letters; (4)

2831709.2

subpoenaing Meta, conducting multiple meet and confers, and exchanging several lengthy letters concerning Meta's objections to production; (5) retaining and working with experts and forensic vendors; (6) responding to the motion for judgment on the pleadings; (7) attending a full-day mediation; and (8) engaging in months of settlement negotiations. Plaintiff Counsel Joint Decl. ¶¶ 5-29. In addition to the time, effort, and expense already expended, Plaintiff's counsel will also spend the requisite time and expense necessary to fully implement the Parties' Settlement, to address class member inquiries, and to present the Settlement to the Court for final approval.

Second, Plaintiff's counsel have extensive experience and knowledge in prosecuting other similar consumer class actions involving privacy violations. *Id.* ¶¶ 46-70 and Exs. 3-6. As highlighted above in Section II(D) and detailed in the Joint Declaration of Plaintiff's counsel, Plaintiff's counsel have particularized knowledge of class litigation, including cases involving data privacy. Their skill and substantial experience in handling complex class actions have added much to this case. *Id.*

These efforts secured a substantial Settlement Agreement comprised of immediate remedial measures and injunctive relief. The Court should therefore appoint Michael W. Sobol and Douglas I. Cuthbertson, Lieff Cabraser Heimann & Bernstein LLP; Hank Bates and Lee Lowther, Carney Bates & Pulliam PLLC; Gary M. Klinger, Milberg Coleman Bryson Phillips Grossman, PLLC; Andrew Shamis of Shamis & Gentile, P.A.; and Adam Schwartzbaum of Edelsberg Law as Class Counsel.

## IX.   THE NOTICE PROGRAM IS ADEQUATE.

The Settlement seeks injunctive relief, and Plaintiff seeks certification of Settlement Class pursuant to Rule 23(b)(2). Accordingly, notice is discretionary, not mandatory. Fed. R. Civ. P.

23(c)(3) ("For any class certified under Rule 23(b)(1) or (b)(2), the court *may* direct appropriate notice to the class. (emphasis added)); *Dukes*, 564 U.S. at 362 ("The Rule provides no opportunity for . . . (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action."). The key is that the notice be reasonable. *Wal-Mart Stores*, 396 F.3d at 113.

Nevertheless, the parties have agreed to provide publication notice to members of the Settlement Class. *See In re NASDAQ Market–Makers Antitrust Litig.*, 169 F.R.D. 493, 515 n.19 (S.D.N.Y. 1996) ("Notice under Rule 23(b)(2) is flexible, and may consist entirely of published notice in appropriate circumstances."). The Notice Program will publicize notice via fair, well-crafted banner ads to direct attention to the Settlement Website and reach Settlement Class Members on Epoch Times websites accessible in the United States (including on theepochtimes.com) as well as social media and apps where Settlement Class Members are likely to visit. Plaintiff Counsel Joint Decl., Ex. 1 ¶ 9.3; *id.,* Ex. 2 ¶¶ 14-24. The Settlement Website will include all relevant information concerning the case, including: (i) stand-alone descriptions of the injunctive relief and remedial measures; (ii) a summary of the Action and the Settlement terms; (iii) a "Contact Us" page with the Settlement Administrator's contact information; (iv) the Settlement Agreement, motions for approval and for attorneys' fees, and all other important documents in the case; (v) important case dates and deadlines, including the objection deadline; (vi) a summary of Settlement Class Members' rights, including how to object to the Settlement; and (vii) the date, time, and location of the Final Approval hearing. ¶ 9.2; *id.,* Ex. 2 ¶¶ 14-24. Additionally, the Notice Program will establish a toll-free telephone line for Settlement Class Members with an IVR system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the litigation that is accessible 24

2831709.2

hours a day, 7 days a week. The Court should conclude that the Notice Program is satisfactory in this 23(b)(2) settlement. *See Mayhew v. KAS Direct, LLC*, No. 16 CV 6981 (VB), 2018 WL 3122059, at *9 (S.D.N.Y. June 26, 2018) (approving notice program for a Rule 23(b)(2) settlement that consisted of, *inter alia*, a website and an automated toll free hotline about the action).

## X.   CONCLUSION

For these reasons, Plaintiff respectfully requests the Court enter an order: (1) provisionally certifying the Settlement Class, (2) preliminarily approving the Settlement, including all exhibits, (3) appointing Plaintiff Lawrence Czarnionka as Class Representative, (4) appointing Michael W. Sobol and Douglas I. Cuthbertson, Lieff Cabraser Heimann & Bernstein LLP; Hank Bates and Lee Lowther, Carney Bates & Pulliam PLLC; and Gary M. Klinger, Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel, (5) appointing Kroll as Class Administrator, (6) approving the form and manner of Notice, and (7) approving the proposed schedule of events, and (8) scheduling a Final Approval Hearing.

2831709.2

Dated: September 11, 2023

Respectfully submitted,

*/s/ Gary M. Klinger*
Gary Klinger (*pro hac vice*)
gklinger@milberg.com
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(866) 252-0878

Andrew J. Shamis (5195185)
ashamis@shamisgentile.com
Edwin E. Elliott (*pro hac vice*)
edwine@shamisgentile.com
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 705
Miami, FL 33132
(305) 479-2299

Douglas I. Cuthbertson (*pro hac vice*)
dcuthbertson@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Michael W. Sobol (SBN 194857)
msobol@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

31

2831709.2

Hank Bates (SBN 167688)
hbates@cbplaw.com
Lee Lowther (*pro hac vice*)
llowther@cbplaw.com
Courtney E. Ross (*pro hac vice*)
cross@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
519 W. 7th Street
Little Rock, AR 72201
(501) 312-8500
(501) 312-8505


*Attorneys for Plaintiff Lawrence Czarnionka and
the Proposed Class*

2831709.2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 11th day of September 2023, a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure via CM/ECF on all counsel of record.

**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**

*/s/ Gary M. Klinger*
Gary M. Klinger

33

2831709.2