# <u>EXHIBIT A</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAWRENCE CZARNIONKA, *individually and on behalf of all others similarly situated,* | Case No.: 1:22-cv-06348-AKH |
| Plaintiff, | Judge Alvin K. Hellerstein |
| v. | |
| THE EPOCH TIMES ASSOCIATION, INC., | |
| Defendant. | |

**[PROPOSED] ORDER GRANTING**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter is before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement.  Plaintiff, individually and on behalf of the proposed Settlement Class, and Defendant have entered into a Settlement Agreement and Release, dated [**DATE**] ("Settlement Agreement") that, if approved, would settle the above-captioned litigation.  Having considered the Motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1.      Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2.      The Court has jurisdiction over this Action, Plaintiff, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

3.      This Order is fashioned pursuant to and in accord with Federal Rule of Civil Procedure 23.

**PRELIMINARY APPROVAL**

4.      As a result of this litigation, Epoch Times has: (i) removed all Pixels embedded in any webpage on an Epoch Times website accessible in the United States that includes video content and a URL that identifies the specific video requested or obtained from that website webpage and

2830480.2

(ii) implemented and completed a process to ensure Epoch Times does not possess "personally identifiable information" (as that term is defined in the VPPA) of Settlement Class Members generated by Pixel. Moreover, Epoch Times has agreed, subject to conditions stated in the Settlement Agreement, to injunctive relief under which it shall not resume operation of the Pixel on any webpage of its websites accessible in the United States that include video content and a URL that identifies the specific video requested or obtained from that website webpage.

5.      Under Federal Rule of Civil Procedure 23(e)(1)(B), preliminary approval of a class action settlement should be granted when the parties have shown the court is likely to (i) approve the proposal under Rule 23(e)(2) and (ii) certify the class for purposes of judgment related to the proposed settlement. *Hernandez v. Between the Bread 55th Inc.*, 496 F. Supp. 3d 791, 798 (S.D.N.Y. 2020). "A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005). In reviewing a proposed settlement, the Court's primary task is to make only a "threshold examination of the overall fairness and adequacy of the settlement." *Hernandez*, 496 F. Supp. 3d at 798 (quoting 4 Newberg on Class Actions § 13:13 (15th ed. 2020)). A court carries out its task of determining the fairness, reasonableness, and adequacy of a proposed settlement agreement by applying two sets of factors. First, the Rule states that a court should consider the following in its preliminary approval of a proposed class settlement: (1) adequacy of representation; (2) existence of arm's-length negotiations; (3) adequacy of relief; and (4) equitableness of treatment of class members. Fed. R. Civ. P. 23(e)(2). Although the advisory committee stipulates that the four factors in Rule 23(e)(2) do not "displace any factor" from lists used by circuits, the goal of the Rule's factors is to "focus the court and lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment; *see also In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 692 (S.D.N.Y. 2019) ("The Advisory Committee Notes to the 2018 amendments indicate that the four new Rule 23 factors were intended to supplement, rather than displace the[ ] 'Grinnell' factors."). Second, and to that end, the Court may use the list of factors provided in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448

(2d Cir. 1974) that historically have been used by courts in the Second Circuit to determine the fairness of a proposed settlement to help guide it in its application of Rule 23(e)(2)'s factors. *See In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d at 693. In addition to determining the likelihood of the proposal's approval under Rule 23(e)(2), the Court must find that the class is likely to be certified for the purpose of judgment on the proposal by the class meeting the traditional requirements under Rule 23(a) and one of the three subsections of Rule 23(b). *Id.* at 699–700.

6.      The Court has reviewed the Settlement Agreement, Plaintiff's motion papers, and the declarations filed in support of Plaintiff's motion. Applying the standards of Rule 23(e) and *Grinnell*, the Court finds the Settlement Agreement is entitled to preliminary approval and the motion for preliminary approval is granted. The Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with the assistance of the Honorable Frank Maas (Ret.) of JAMS during a mediation session on July 6, 2023, through which the principal terms of the Settlement Agreement were negotiated and finalized.  The Court further observes that the Settlement Agreement is the product of both formal and informal discovery and additional informal exchanges of information between the Parties ahead of the mediation session.  The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Settlement Class and fall within the range of possible approval as fair, reasonable, and adequate.

7.      The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

## PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

8.      Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined in the Settlement Agreement as follows:  All individuals residing in the United States who were Facebook account holders and subscribers to Defendant's digital services during the Class Period, and who requested or obtained any videos on any Epoch Times website while an active Facebook account holder during the Class Period. Excluded from the Class are Defendant and its, parents, subsidiaries, officers, and directors, as well the judge and court staff to whom this Action is assigned.

2830480.2

9.      The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes only: the Settlement Class is likely comprised of many thousands of individuals; there are questions of law or fact common to the Settlement Class; the Class Representative's claims are typical of those of Settlement Class Members; and the Class Representative will fairly and adequately protect the interests of the Settlement Class.

10.      The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(2) for settlement purposes only: the Defendant has acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole.

11.      The Court hereby appoints Lawrence Czarnionka as the Class Representative of the Settlement Class.  The Court provisionally finds that the Class Representative is similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that he will be an adequate Class Representative.

12.      The Court finds the following counsel are experienced and adequate counsel and provisionally appoints them as Class Counsel for the Settlement: Michael W. Sobol and Douglas I. Cuthbertson, Lieff Cabraser Heimann & Bernstein LLP; Hank Bates and Lee Lowther, Carney Bates & Pulliam PLLC; and Gary M. Klinger, Milberg Coleman Bryson Phillips Grossman, PLLC.

## NOTICE AND ADMINISTRATION

13.      Pursuant to the Settlement Agreement, the Parties have designated Kroll Settlement Administration ("Kroll") as the Settlement Administrator.  Kroll shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement.

14.      The Court finds that the Notice Program set forth in the Settlement Agreement satisfies the requirements of due process and complies with Rule 23 of the Federal Rules of Civil Procedure. The Notice Program is reasonably calculated to apprise Settlement Class Members of the nature of this Action, the scope of the Settlement Class, the terms of the Settlement Agreement, the rights of Settlement Class Members to object to the Settlement Agreement and the process for doing so, and the Final Approval Hearing.  The Court therefore approves the Notice Program and

directs the Parties and the Settlement Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

15.     The Settlement Administrator shall commence the Notice Program within the time set forth below in this Order.

**<u>OBJECTIONS</u>**

16.     Settlement Class Members who wish to object to the Settlement may do so by submitting a written Objection to the Court in accordance with the procedures outlined in the Notice Program, postmarked no later than [**DATE**] (90 calendar days after entry of this Order).   Any Settlement Class Member wishing to comment on or object to the Settlement Agreement shall file their Objection with the Court, and, concurrently, serve it on Class Counsel and Defendant's Counsel through submission to the Settlement Administrator.   All such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i) the Settlement Class Member's full name, current address, telephone number, and email address; (ii) the Settlement Class Member's original signature; (iii) proof that the Settlement Class Member is a member of the Settlement Class;  (iv) a statement of the legal and factual basis for the Objection; (v) copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (vi) all counsel representing the Settlement Class Member, if any; (vii) the signature of the Settlement Class Member's duly authorized attorney or other duly authorized representative; and (viii) a list, including case name, court, and docket number, of all other cases in which the Settlement Class Member and/or the Settlement Class Member's counsel has filed an objection to any proposed class action settlement in the past three (3) years.

17.     Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Notice Program and Settlement Agreement shall be deemed to have waived any objection, and shall not be permitted to object to the Settlement.   Without limiting the foregoing, any challenge to the Settlement Agreement, the Final Approval order, or final judgment shall be through appeal under the Federal Rules of Appellate Procedure and not through collateral attack.

**FINAL APPROVAL HEARING**

18.     The Court will hold a Final Approval hearing on [**DATE**] at [**TIME**] in the United States District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007.

19.     At the Final Approval hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) the preliminary appointment of Class Counsel should be made final; (d) the preliminary appointment of the Class Representative should be made final; (e) Class Counsel's motion for attorneys' fees and litigation expenses should be granted; (f) the Service Awards sought for Class Representative should be granted; (g) Settlement Class Members should be bound by the Releases stated in the Settlement Agreement; (h) the Action is to be dismissed with prejudice pursuant to the terms of the Settlement Agreement and (i) a final judgment should be entered.  If final judgment is entered, all Settlement Class Members will be bound by all provisions of the Settlement Agreement, including the Release provision.

20.     The Court reserves the right to continue the date of the Final Approval hearing without further notice to Settlement Class Members.  The Court, in its discretion, may require or allow the Parties and any objectors to appear at the Final Approval hearing via remote access.

**DEADLINES SUMMARY**

| EVENT | DATE |
|---|---|
| | **From Order Granting Preliminary Approval** |
| | |
| Notice Date | +30 Days commencement and +45 Days substantially completed |
| Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Costs and Expenses | +75 Days |
| Objection Date | +90 Days |
| **Final Approval hearing** | +115 Days |
| Motion for Final Approval | -14 Days before Final Approval hearing |

21.     All proceedings and deadlines in this matter, except those necessary to implement this Order and the settlement, are hereby stayed and suspended until further order of the Court.

2830480.2

22.     All Settlement Class Members are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

23.     In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall be (i) admissible into evidence for any purpose in this Action or in any other action or proceeding other than as necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) deemed an admission or concession by the Parties regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant, or (iii) deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Action or the availability or lack of availability of any defense to the Released Claims.

**IT IS SO ORDERED**.

Dated: _____       _____
                                     HON. ALVIN K. HELLERSTEIN
                                     UNITED STATES DISTRICT COURT JUDGE

2830480.2