**Lieff Cabraser Heimann & Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
t 212.355.9500
f 212.355.9592

January 9, 2024

Douglas I. Cuthbertson
Partner
dcuthbertson@lchb.com

**VIA ECF**

The Hon. Alvin K. Hellerstein
United States Courthouse
Room 1050
500 Pearl St.
New York, NY 10007-1312

　　　　　RE:　*Czarnionka v. The Epoch Times Ass'n, Inc.*, Case No. 1:22-cv-06348-AKH

Your Honor:

On behalf of all parties, and pursuant to the Court's Scheduling Order (Dkt. 83), please find attached a modified version of the settlement agreement that includes the changes proposed by the Court at the November 30, 2023 conference. *See* Exhibit A (a "clean" version of the amended settlement agreement) and Exhibit B (a redlined version that shows the new changes).

We look forward to appearing before the Court on January 22, 2024 to discuss further the modified settlement agreement and the Court's consideration of Plaintiff's unopposed motion for preliminary approval of the settlement (Dkts. 73-75).

Very truly yours,

Douglas I. Cuthbertson

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAWRENCE CZARNIONKA, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>THE EPOCH TIMES ASSOCIATION, INC.,<br><br>Defendant. | Case No.: 1:22-cv-06348-AKH<br><br>Judge Alvin K. Hellerstein |

## AMENDED SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiff Lawrence Czarnionka ("Plaintiff"), on behalf of himself and as a representative of the Settlement Class (as defined herein), and (ii) Defendant The Epoch Times Association, Inc. ("Epoch Times" or "Defendant"). The Plaintiff and the Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

1.     On July 26, 2022, Plaintiff filed a putative class action complaint against Epoch Times in the United States District Court for the Southern District of New York alleging violations of the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.* (the "VPPA"). Dkt. 1.[1] The material

---

[1] On July 19, 2022, one week before Plaintiff filed this action, a similar putative class case was filed against Epoch Times in the United States District Court for the Southern District for Ohio. *See Roberts et al. v. The Epoch Times Association, Inc.*, 2:22-cv-02862-MHW-CMV.  The parties in that action briefed Epoch Times's motion to dismiss (Dkts. 5, 11, 17), and thereafter Plaintiff voluntarily dismissed the action (*see* Dkt. 20).  Plaintiff counsel in the *Roberts* Action subsequently appeared in this case. Dkts. 41, 43 & 46.

allegations of the complaint center on Defendant's alleged disclosure of its subscribers' personally identifiable information, as defined under the VPPA, to Facebook without permission via the Meta Tracking Pixel (the "Pixel" or "Pixels"), a business advertising and analytical tool offered by Meta Platforms, Inc. ("Meta"), formerly known as Facebook.

2.      On October 4, 2022, Epoch Times moved to dismiss the class action complaint under Rule 12(b)(6) arguing that the complaint failed to state a claim upon which relief could be granted. Dkt. 18. On October 18, 2022, Plaintiff opposed that motion (Dkt. 21); Epoch Times filed a reply in support of its motion one week later (Dkt. 22).

3.      On November 17, 2022, the Court denied Defendant's motion to dismiss in its entirety, and scheduled an initial case management conference for December 16, 2022. Dkt. 25. The Parties subsequently filed a proposed joint Civil Case Management Plan on December 2, 2022. Dkt. 26.

4.      On December 2, 2022, Defendant moved to certify a portion of the Court's motion to dismiss order for interlocutory appeal pursuant to 28 U.S.C. §1292(b) and to stay the case pending any Second Circuit resolution of that appeal. Dkts. 27 & 28. Plaintiff opposed that motion on December 15, 2022. Dkt. 30. The Court denied Defendant's motion that same day. Dkt. 31.

5.      On December 16, 2022, Epoch Times answered the complaint. Dkt. 34.

6.      On January 13, 2023, the Parties attended a status conference; the Court entered a Civil Case Management Plan on January 17, 2023. Dkt. 42. The Court entered a stipulated protective order on February 14, 2023 (Dkt. 48) and a stipulated ESI Order on February 23, 2023 (Dkt. 51).

7.      Between January and April 2022, the Parties engaged in discovery, including by serving and responding to requests for production of documents, interrogatories, and deposition

notices, and meeting and conferring about the same.  In addition, Plaintiff served a subpoena on Meta, and met and conferred about the same with Meta's outside counsel.

8.      On April 27, 2022, Defendant file a motion for judgment on the pleadings (Dkts. 53 & 54), which Plaintiff opposed on May 10, 2023 (Dkt. 55). Defendant filed a reply in support of its motion on May 26, 2023. Dkt. 56. On June 8, 2022, the Court ordered resolution of Defendant's motion held in abeyance pending mediation with the Honorable Frank Maas (Ret.) on July 6, 2023. Dkt. 63.

9.      On July 6, 2023, the Parties attended an all-day mediation with the Honorable Frank Maas (Ret.) of JAMS. The Parties agreed to mediate the dispute, in relevant part, based on Party discussions that identified aspects of Defendant's financial condition – irrespective of the Parties' positions on the merits of the litigation – that would affect the contours of any potential settlement of the litigation. This mediation resulted in a settlement in principle, the terms of which are reflected in this Settlement Agreement.  Prior to the mediation, the Parties exchanged both formal and informal discovery regarding the merits of the case, class certification, and Defendant's ability to fund a class action settlement under Fed. R. Civ. P. 23(b)(3).  In preparation for the mediation, the Defendant submitted to Magistrate Judge Maas documents previously produced to Plaintiffs' counsel and designated Attorneys' Eyes Only concerning Defendant's financial condition and ability to fund a class action settlement under Rule 23(b)(3).

10.     Defendant, for purposes of settlement, neither admits nor denies wrongdoing.  Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations

3

resulting in it shall not be construed as or deemed to be evidence of or an admission or concession

of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below),

with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

11.     Plaintiff believes that the claims asserted in the Action against Defendant have

merit and that he would have prevailed at summary judgment and/or trial. Nonetheless, Plaintiff

and Class Counsel recognize that Defendant has raised factual and legal defenses that present a

risk that Plaintiff may not prevail. Plaintiff and Class Counsel also recognize the expense and delay

associated with continued prosecution of the Action against Defendant through class certification,

summary judgment, trial, and any subsequent appeals. Plaintiff and Class Counsel have also taken

into account the uncertain outcome and risks of litigation, especially in complex class actions, as

well as the difficulties inherent in such litigation. Plaintiff has further taken into account other

extraneous factors, including Defendant's ability to pay a judgment to the proposed Class if the

case were to proceed.  Therefore, Plaintiff believes it is desirable that the Released Claims be fully

and finally compromised, settled, and resolved with prejudice. Based on their evaluation, Class

Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and

adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle

the claims raised in the Action pursuant to the terms and provisions of this Agreement.

12.     NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and

among Plaintiff, the Settlement Class, and each of them, and Defendant, by and through

undersigned counsel that, subject to final approval of the Court after a hearing or hearings as

provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties

from the Agreement set forth herein, that the Action and the Released Claims shall be finally and

fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

<u>**AGREEMENT**</u>

**1.    DEFINITIONS**

As used in this Settlement Agreement, the following terms have the meanings specified below.

**1.1.    "Action"** means *Czarnionka v. The Epoch Times Association, Inc.*, Case No. 1:22-cv-6348-AKH, pending in the United States District Court for the Southern District of New York.

**1.2.    "Class Counsel"** means Michael W. Sobol and Douglas I. Cuthbertson, Lieff Cabraser Heimann & Bernstein LLP; Hank Bates and Lee Lowther, Carney Bates & Pulliam PLLC; and Gary M. Klinger, Milberg Coleman Bryson Phillips Grossman, PLLC.

**1.3.    "Class Period"** means the period from July 26, 2020, to and through the date of Preliminary Approval.

**1.4.    "Class Representative"** means the named Plaintiff in this Action, Lawrence Czarnionka.

**1.5.    "Court"** means the United States District Court for the Southern District of New York, the Honorable Alvin K. Hellerstein presiding, or any judge who shall succeed him as the Judge in this Action.

**1.6.    "Defendant"** means The Epoch Times Association, Inc.

**1.7.    "Defendant's Counsel"** means Bryan P. Sugar, Christopher H. Wood, and Brian Pete of Lewis Brisbois Bisgaard & Smith LLP.

**1.8.    "Effective Date"** means the date on which the Final Judgment becomes Final.

2907622.6

**1.9.**    **"Final"** means, with respect to any judicial ruling or order, that: (1) if no appeal, motion for reconsideration, reargument and/or rehearing, or petition for writ of certiorari has been filed, and the time has expired to file such an appeal, motion, and/or petition; or (2) if an appeal, motion for reconsideration, reargument and/or rehearing, or petition for a writ of certiorari has been filed, the judicial ruling or order has been affirmed with no further right of review, or such appeal, motion, and/or petition has been denied or dismissed with no further right of review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award or service award made in this case shall not affect whether a judgment of the Court is "Final" as defined herein.

**1.10.**    **"Final Approval Order"** means an order granting final approval of the settlement embodied in this Settlement Agreement with respect to the relief to the Settlement Class (including a Class Representative service award, but expressly exempting attorneys' fees and expenses), and, inter alia, approving the release and waiver stated in Section 4 of this Agreement, and dismissing with prejudice the Released Claims against Epoch Times and the other Released Parties in the Action. The Parties will request the Final Approval Order be entered as a separate judgment pursuant to Federal Rule of Civil Procedure 54(b).

**1.11.**    **"Order on Attorneys' Fees"** means an order regarding Class Counsel's application for an award of reasonable attorneys' fees and expenses which the Parties will request be entered as a separate judgment pursuant to Federal Rule of Civil Procedure 54(b).

**1.12.**    **"Plaintiff"** means Lawrence Czarnionka.

**1.13.**    **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes only, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice Program.

6

**1.14.** **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes only, and directing notice thereof to the Settlement Class.  The Parties' proposed form of the Preliminary Approval Order, to be submitted to the Court for approval in conjunction with Plaintiff's motion for preliminary approval of the Settlement Agreement, is attached hereto as Exhibit A.

**1.15.** **"Released Claims"** means any claim, liability, right, demand, suit, matter, obligation, action, or causes of action, that the Releasing Parties have or could have presented or asserted against Epoch Times arising out of or reasonably relating to the operative factual predicate alleged in or otherwise described by Plaintiff's complaint in the Action. **"Released Claims" do not include claims for damages or other monetary relief.**  "Released Claims" do not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the settlement contained in this Settlement Agreement.

**1.16.** **"Released Parties"** means Defendant together with its subsidiaries, affiliates, parent companies, divisions, servants, employees, principals, directors, officers, founders, agents, and attorneys, and all predecessors, assigns, heirs, transferees,  and successors of any of the foregoing persons or entities.

**1.17.** **"Releasing Parties"** means Settlement Class Members on behalf of themselves, and any Settlement Class Member's present or past heirs, executors, estates, administrators, predecessors, successors, transferees, or assigns and any other person or entity, including any person or entity purporting to act parens patriae for Settlement Class Members, claiming by or through, on behalf of, for the benefit of, derivatively for, or as representative of any other Releasing Party.

7

**1.18.** **"Service Award"** means any amount awarded by the Court to the Class Representative as a service award in recognition of his efforts and commitment on behalf of the Settlement Class.

**1.19.** **"Settlement Class"** means all individuals residing in the United States who were Facebook account holders and subscribers to Defendant's digital services during the Class Period, and who requested or obtained any videos on any Epoch Times website while an active Facebook account holder during the Class Period.

**1.20.** **"Settlement Class Member"** means an individual in the Settlement Class, including but not limited to Plaintiff.

1. **SETTLEMENT APPROVAL.**

**1.1.** The Parties shall cooperate in good faith, and agree, subject to their fiduciary and other legal obligations, to take all reasonably necessary steps to obtain the Court's approval of the terms of this Settlement Agreement.

**1.2.** For the purposes of settlement only and the proceedings contemplated herein for effectuating the Settlement Agreement, Plaintiff shall move the Court to certify the Settlement Class pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. Epoch Times will not oppose certification of the Settlement Class for settlement purposes only.

**1.3.** Plaintiff shall move, and Epoch Times shall not oppose, that the Court: (1) designate Plaintiff as Class Representative for the Settlement Class and appoint Michael W. Sobol and Douglas I. Cuthbertson, Lieff Cabraser Heimann & Bernstein LLP; Hank Bates and Lee Lowther, Carney Bates & Pulliam PLLC; and Gary M. Klinger, Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel for the Settlement Class; (2) approve the form and manner of notice to the Settlement Class; (3) appoint a Notice Administrator (defined below) to implement

8

the Notice Program (defined below); (4) schedule deadlines for (i) Plaintiff to file his Motion for Final Approval (the "Final Approval Motion") and for Class Counsel to file their separate motion for an award of reasonable attorneys' fees and expenses (the "Attorneys' Fees Motion"); (ii) Settlement Class Members to file objections to the Settlement or Attorneys' Fees Motion, and for Class Counsel to respond to any such objections; and (5) schedule a Final Approval hearing to consider Plaintiff's Final Approval Motion and Attorneys' Fee Motion.

## 2.   RECOGNITION OF REMEDIAL MEASURES

2.1.    As a result of this litigation, Epoch Times has: (i) removed all Pixels embedded in any webpage on an Epoch Times website accessible in the United States that includes video content and a URL that identifies the specific video requested or obtained from that website webpage and (ii) implemented and completed a process to ensure Epoch Times does not possess "personally identifiable information" (as that term is defined in the VPPA) of Settlement Class Members generated by the Pixel. The Court shall appoint an independent expert to certify that Epoch Times has removed the Pixels consistent with "(i)" immediately above.

## 3.    INJUNCTIVE RELIEF

3.1.    As consideration for the complete and final settlement of the Action, the releases, and other promises and covenants set forth in this Settlement Agreement, and subject to the other terms and conditions herein, Epoch Times shall take the following actions listed below in this section no later than fifteen (15) after the Effective Date.

3.2.    Epoch Times shall not resume operation of the Pixel on any webpage of its websites accessible in the United States that include video content and a URL that identifies the specific video requested or obtained from that website webpage. Notwithstanding the above, after a term of two years from the Effective Date, Epoch Times may move to seek relief from this injunction

9

upon amendment or repeal of the VPPA or upon implementation of a VPPA-compliant consumer consent form by filing a motion with this Court for relief from this injunction.

      **3.2.1.**    Plaintiff may seek from the Court an injunction to enforce the terms of this Agreement, including Epoch Times's Representations and Warranties.

**4.**    **RELEASE.**

    **4.1**    Upon the Effective Date, and in consideration of the promises and covenants in this Settlement Agreement, each Settlement Class Member, including Plaintiff, shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, relinquished, waived, and discharged all Released Claims.

    **4.2**    With respect to any and all Released Claims, upon the Effective Date, Plaintiff and the Settlement Class Members intend to and shall be deemed to have, to the fullest extent permitted by law, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Plaintiff, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but the Settlement Class Members, including Plaintiff, expressly shall have,

and each shall be deemed to have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims.

5.      **REPRESENTATIONS AND WARRANTIES.**

5.1.      Epoch Times warrants and represents that the following statements listed below in this section are true:

5.1.1.      After this action was filed, and as a result of this action, Epoch Times has removed all Pixels embedded in any webpage of its websites accessible in the United States that include video content and a URL that identifies the specific video requested or obtained from that website webpage.

5.1.2.      After a good-faith search of its internal data system, it has identified no "personally identifiable information" (as that term is defined in the VPPA) of Settlement Class Members generated by the Pixel.

5.1.3.      If Epoch Times discovers on its internal data system in the future "personally identifiable information" (as that term is defined in the VPPA) of Settlement Class Members generated by the Pixel, it shall promptly destroy said information and notify Settlement Class Counsel within seven (7) days of such discovery.

5.1.4.      Epoch has provided Plaintiff's counsel with documents concerning Defendant's financial condition and ability to fund a class action settlement under Federal Rule of Civil Procedure 23(b)(3).  In addition, Epoch has responded to a number of questions posed by Plaintiff's counsel's financial analyst regarding its financial condition and ability or lack thereof to fund a class action settlement under Federal Rule of Civil Procedure 23(b)(3).  Epoch's representations with respect to its financial condition, including the documents and information provided to Plaintiff's counsel, are a good-faith representation of its current financial state.

11

2907622.6

6.      **CLASS REPRESENTATIVE SERVICE AWARD**

6.1.    The Class Representative may apply to the Court as part of this Agreement for a service award of $2500.

6.2.    Class Counsel shall include any request for the Class Representative service award in its Final Approval Motion and the proposed Final Approval Order.

6.3.    Within twenty-one (21) calendar days of the Effective Date, Epoch Times shall pay the Class Representative's service award by ACH payment or wiring those funds to Class Counsel at Lieff Cabraser Heimann & Bernstein, LLP's State Bar Attorney Client Trust account.  Class Counsel shall cause payment of the Class Representative's service award within fourteen (14) calendar days of receipt of the funds from Epoch Times, with Defendant bearing no responsibility or liability for such distribution after Defendant's transmittal of the applicable funds to Class Counsel.

7.      **ATTORNEYS' FEES AND EXPENSES.**

7.1.    The Parties agree that Class Counsel may move the Court for an award of reasonable attorneys' fees and expenses which does not exceed a cap of $730,000.  The Parties will accept, and not appeal, the Court's order on attorneys' fees and expenses.

7.2.    Defendant shall pay such award of attorneys' fees and expenses within fourteen (14) days of the later of the Court's entry of the Final Approval Order or the Order on Attorneys' Fees.  Defendant shall pay the full amount of attorneys' fees and expenses awarded to Class Counsel into an account held by the Notice Administrator, to be held in escrow, within fourteen (14) days of the later of the Court's entry of the Final Approval Order or the Order on Attorneys' Fees. Upon the Effective Date, the Notice Administrator shall release the full amount of attorneys'

fees and expenses awarded to Class Counsel by ACH payment or by wiring those funds to Class Counsel at Lieff Cabraser Heimann & Bernstein, LLP's State Bar Attorney Client Trust account.

7.3.     The Court's entry of an Order on Attorneys' Fees, or any motions challenging the entry of that order, or any appeal thereon, and any order modifying, amending or reversing the Order on Attorneys' Fees, shall not operate in any way to terminate or cancel this Settlement Agreement, nor affect or delay the force and effect of the Final Approval Order.

## 8.     NOTICE ADMINISTRATOR.

8.1.     The Parties will obtain bids, which will include a proposed notice plan consistent with the Notice Program (defined below), from potential Notice Administrators with expertise in class action settlement and notice administration. The Parties shall jointly select one Notice Administrator from among those who have presented a bid and Plaintiff shall request in seeking preliminary approval that the Court appoint the selected entity as Notice Administrator ("Notice Administrator").  Neither Party shall unreasonably withhold agreement to selection of a Notice Administrator.

8.2.     The Notice Administrator shall be responsible for effectuating the Notice Program (defined below) consistent with the terms of this Settlement Agreement, as approved by the Court. Epoch Times shall have the sole responsibility to pay for and fund the Notice Program, including all fees and expenses of the Notice Administrator.

## 9.     NOTICE.

9.1.     The Parties shall jointly request that the Court approve a class notice program designed to reach the members of the Settlement Class in a manner that complies with the Federal Rules of Civil Procedure ("Notice Program").

**9.2.** The Notice Program shall include a case-specific settlement website (e.g., www.EpochTimesVPPASettlement.com) that will include at least the following information: (i) stand-alone descriptions of the injunctive relief and remedial measure; (ii) a summary of the Action and the settlement terms; (iii) a "Contact Us" page with Notice Administrator information; (iv) the Settlement Agreement, motions for approval and for attorneys' fees and any other important documents in the case; (v) important case dates and deadlines, including the objection deadline; (vi) a summary of Settlement Class Member rights, including how to object to the Settlement; and (vii) the date, time, and location of the Final Approval hearing.

**9.3.** The Notice Program shall also: (1) establish a toll-free telephone line for Settlement Class Members with an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the litigation that is accessible 24 hours a day, 7 days a week, and (2) publicize notice via fair, well-crafted banner ads to direct attention to the Settlement Website and reach Settlement Class Members on selected websites (including on theepochtimes.com and other Epoch Times websites accessible in the United States), social media, or apps where Settlement Class Members are likely to visit.

**9.4.** All forms of notice must be in plain language and easily understandable, taking into account any special concerns about the language needs of the Settlement Class Members. The Parties will agree on (i) the final text of the notice before it is published; (ii) all aspects of any advertisements, including, but not limited to, their text and graphics, before publication; and (iii) the domain name of, and all content and language displayed on, the Settlement Website. The Notice Administrator shall effectuate the Notice Program as approved, and pursuant to the timetable set, by the Court.

**9.5.** Pursuant to terms to be agreed to with the Notice Administrator and approved by the Parties, Epoch Times shall pay to the Notice Administrator all fees and expenses of the Notice Administrator, including the costs of the Notice Program.

## 10. CAFA NOTICE

**10.1.** Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, Epoch times shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

## 11. TERMINATION.

**11.1.** This Settlement Agreement may be terminated by either Party by serving on counsel for the opposing party and filing with the Court a written notice of termination within 10 days (or such longer time as may be agreed between Class Counsel and counsel for Defendant) only upon any of the following occurrences;.

**11.1.1.** The Court rejects, materially modifies, or materially amends or changes the terms of the settlement as embodied in this Settlement Agreement;

**11.1.2.** The Court declines to enter without material change the material terms in the proposed Preliminary Approval Order or the proposed Final Approval Order; or

**11.1.3.** An appellate court reverses the Final Approval Order, and the settlement is not reinstated and finally approved without material change by the Court on remand.

**11.2.** To avoid ambiguity, the Order on Attorneys' Fees shall not constitute grounds for termination under this Section 11. In the event of a termination of this Settlement Agreement based on an occurrence specified above, Class Counsel and counsel for Defendant agree to negotiate in good faith in an attempt to reach an appropriate, amended settlement agreement.

12.    **FAIR, REASONABLE, AND ADEQUATE SETTLEMENT**

**12.1.**   The Parties believe this Settlement Agreement is a fair, reasonable, and adequate settlement of the Action under the scrutiny required in this Circuit for settlements negotiated prior to class certification, and have arrived at this Settlement Agreement through arm's length negotiations (including mediation conducted by the Hon. Frank Maas (Ret.) of JAMS), taking into account all relevant factors, present and potential.

13.    **MISCELLANEOUS PROVISIONS**

**13.1.    Real Parties in Interest**.   In executing this Settlement Agreement, Plaintiff, on behalf of himself and the Settlement Class, and Class Counsel represent and warrant that, as far as he or it is aware, Settlement Class Members are the only persons with a legal interest in any of the claims that are described or referred to herein, or in any of the pleadings, records, and papers in the Action, and, except as provided herein, Plaintiff and Class Counsel are unaware of any Released Claims or part thereof having been assigned, granted or transferred in any way to any other person, firm, or entity.

**13.2.    Voluntary Agreement**.   This Settlement Agreement is executed by the Parties voluntarily and each of the Parties warrants that it or he has executed this Settlement Agreement without being under duress or undue influence from any source.

**13.3.    Binding Effect**.   This Settlement Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties.

**13.4.    Parties Represented by Counsel**.   The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Settlement Agreement by independent counsel of their own choosing, that they have read this Settlement Agreement and

16

have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Settlement Agreement and of its legal effect.

　　　13.5.　**Authorization**.  Each Party warrants and represents that there are no liens or claims of lien or assignments, in law or equity or otherwise, of or against any of the Released Claims, and, further, Plaintiff warrants he is fully entitled and duly authorized to release the Released Claims.

　　　13.6.　**Amendment**.  The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

　　　13.7.　**Entire Agreement**.  This Agreement contains the entire understanding between Defendant and Plaintiff on behalf of himself and the Settlement Class, regarding the settlement of the Action, and this Settlement Agreement supersedes all previous negotiations, agreements, commitments, understandings, and writings between Defendant and Plaintiff, including through their respective counsel, in connection with the settlement of the Action.

　　　13.8.　**No Admission**.   Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement, including court orders (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, certifiability of a class, or of any wrongdoing or liability of any of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil or administrative proceeding before any court, administrative agency or other tribunal.

　　　13.9.　**Tolling.**　　The statute of limitations for the cause of action asserted in this Litigation (i.e., an alleged violation of the Video Privacy Protection Act, 18 USC § 2710) has been tolled for all Settlement Class Members since July 26, 2022 and that tolling will continue until the

Effective Date ("Tolling Period").  On the Effective Date the Tolling Period will terminate.  The Tolling Period does not apply to the Released Claims.

**14.    CONSTRUCTION AND INTERPRETATION**.

    **14.1.**   Neither Party nor their respective counsel shall be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them.

**15.    GOVERNING LAW**.

    **15.1.**   This Settlement Agreement is entered into in accordance with the laws of the State of New York and shall be governed by and interpreted in accordance with the laws of the State of New York, without regard to its conflict of law principles.

**16.    FURTHER ASSURANCES**.

    **16.1.**   Each Party shall do any and all acts or things reasonably necessary to carry out the express intent of this Settlement Agreement.

**17.    DISMISSAL WITH PREJUDICE.**

    **17.1.**   Plaintiff shall file a dismissal of the Action pursuant to Federal Rule of Civil Procedure 54(b) with prejudice in the United States District Court for the Southern District of New York within five (5) days of the Effective Date, with each Party to bear its own fees and costs, except as provided in Section 7 of this Settlement Agreement, which establishes that Class Counsel may make an application for an award of reasonable attorneys' fees and expenses to be entered as a separate judgment pursuant to Federal Rule of Civil Procedure 54(b).

**18.    CONTINUING JURISDICTION**.

    **18.1.**   The Parties to this Settlement Agreement stipulate that the Court shall retain jurisdiction over the Action after the entry of the Final Approval Order to oversee the

implementation and enforcement of this Settlement Agreement, the order preliminarily approving the Settlement Agreement, the Final Approval Order, and the determination of Class Counsel's request for reasonable attorneys' fees, expenses, and any award thereon.

## 19.   NOTICES.

**19.1.**   Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the date of electronic mailing.  Postal mailing will be provided as well, addressed as follows:

> To Class Counsel:
>
> Douglas I. Cuthbertson
> dcuthbertson@lchb.com
> LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
> 250 Hudson Street, 8th Floor
> New York, NY 10013-1413
>
> To Epoch Times' Counsel:
>
> Bryan Sugar
> bryan.sugar@lewisbrisbois.com
> LEWIS BRISBOIS BISGAARD & SMITH LLP
> 550 West Adams Steet, Suite 300
> Chicago, IL  6066

## 20.   COUNTERPARTS.

**20.1.**   This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies and .pdf of executed copies of this Settlement Agreement may be treated as originals.

IN WITNESS WHEREOF, each of the signatories has read and understood this Settlement Agreement, has executed it, and represents that he or she is authorized to execute this Settlement

Agreement on behalf of the Party or Parties he or she represents, who or which has agreed to be bound by its terms and has entered into this Settlement Agreement.

Agreed to by:

_____   01/03/2024
Lawrence Czarnionka                Date
*Plaintiff and Class Representative*

_____
Dana Cheng                                   Date
*Epoch Times Association, Inc.*

Approved as to form by:

_____   Jan. 3, 2024
Douglas I. Cuthbertson            Date
*Counsel for Plaintiffs and the*
*Settlement Class*

_____
Bryan Sugar, Esq.                        Date
*Counsel for Epoch Times Association , Inc.*

20

2907622.6

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAWRENCE CZARNIONKA, *individually and on behalf of all others similarly situated,* | Case No.: 1:22-cv-06348-AKH |
| Plaintiff, | Judge Alvin K. Hellerstein |
| v. | |
| THE EPOCH TIMES ASSOCIATION, INC., | |
| Defendant. | |

## AMENDED SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiff Lawrence Czarnionka ("Plaintiff"), on behalf of himself and as a representative of the Settlement Class (as defined herein), and (ii) Defendant The Epoch Times Association, Inc. ("Epoch Times" or "Defendant"). The Plaintiff and the Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

1.     On July 26, 2022, Plaintiff filed a putative class action complaint against Epoch Times in the United States District Court for the Southern District of New York alleging violations of the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.* (the "VPPA"). Dkt. 1.[1]  The material

---

[1] On July 19, 2022, one week before Plaintiff filed this action, a similar putative class case was filed against Epoch Times in the United States District Court for the Southern District for Ohio. *See Roberts et al. v. The Epoch Times Association, Inc.*, 2:22-cv-02862-MHW-CMV.  The parties in that action briefed Epoch Times's motion to dismiss (Dkts. 5, 11, 17), and thereafter Plaintiff voluntarily dismissed the action (*see* Dkt. 20).  Plaintiff counsel in the *Roberts* Action subsequently appeared in this case. Dkts. 41, 43 & 46.

allegations of the complaint center on Defendant's alleged disclosure of its subscribers' personally identifiable information, as defined under the VPPA, to Facebook without permission via the Meta Tracking Pixel (the "Pixel" or "Pixels"), a business advertising and analytical tool offered by Meta Platforms, Inc. ("Meta"), formerly known as Facebook.

2.      On October 4, 2022, Epoch Times moved to dismiss the class action complaint under Rule 12(b)(6) arguing that the complaint failed to state a claim upon which relief could be granted. Dkt. 18. On October 18, 2022, Plaintiff opposed that motion (Dkt. 21); Epoch Times filed a reply in support of its motion one week later (Dkt. 22).

3.      On November 17, 2022, the Court denied Defendant's motion to dismiss in its entirety, and scheduled an initial case management conference for December 16, 2022. Dkt. 25. The Parties subsequently filed a proposed joint Civil Case Management Plan on December 2, 2022. Dkt. 26.

4.      On December 2, 2022, Defendant moved to certify a portion of the Court's motion to dismiss order for interlocutory appeal pursuant to 28 U.S.C. §1292(b) and to stay the case pending any Second Circuit resolution of that appeal. Dkts. 27 & 28. Plaintiff opposed that motion on December 15, 2022. Dkt. 30. The Court denied Defendant's motion that same day. Dkt. 31.

5.      On December 16, 2022, Epoch Times answered the complaint. Dkt. 34.

6.      On January 13, 2023, the Parties attended a status conference; the Court entered a Civil Case Management Plan on January 17, 2023. Dkt. 42. The Court entered a stipulated protective order on February 14, 2023 (Dkt. 48) and a stipulated ESI Order on February 23, 2023 (Dkt. 51).

7.      Between January and April 2022, the Parties engaged in discovery, including by serving and responding to requests for production of documents, interrogatories, and deposition

notices, and meeting and conferring about the same.  In addition, Plaintiff served a subpoena on Meta, and met and conferred about the same with Meta's outside counsel.

8.      On April 27, 2022, Defendant file a motion for judgment on the pleadings (Dkts. 53 & 54), which Plaintiff opposed on May 10, 2023 (Dkt. 55). Defendant filed a reply in support of its motion on May 26, 2023. Dkt. 56. On June 8, 2022, the Court ordered resolution of Defendant's motion held in abeyance pending mediation with the Honorable Frank Maas (Ret.) on July 6, 2023. Dkt. 63.

9.      On July 6, 2023, the Parties attended an all-day mediation with the Honorable Frank Maas (Ret.) of JAMS. The Parties agreed to mediate the dispute, in relevant part, based on Party discussions that identified aspects of Defendant's financial condition – irrespective of the Parties' positions on the merits of the litigation – that would affect the contours of any potential settlement of the litigation. This mediation resulted in a settlement in principle, the terms of which are reflected in this Settlement Agreement.  Prior to the mediation, the Parties exchanged both formal and informal discovery regarding the merits of the case, class certification, and Defendant's ability to fund a class action settlement under Fed. R. Civ. P. 23(b)(3).  In preparation for the mediation, the Defendant submitted to Magistrate Judge Maas documents previously produced to Plaintiffs' counsel and designated Attorneys' Eyes Only concerning Defendant's financial condition and ability to fund a class action settlement under Rule 23(b)(3).

10.      ~~At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action (as defined herein). Defendant also denies that the putative class can be certified or has suffered any injury or damages~~<u>Defendant, for purposes of settlement, neither admits nor denies</u>

3

wrongdoing.  Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

11.     Plaintiff believes that the claims asserted in the Action against Defendant have merit and that he would have prevailed at summary judgment and/or trial. Nonetheless, Plaintiff and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiff may not prevail. Plaintiff and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Plaintiff and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Plaintiff has further taken into account other extraneous factors, including Defendant's ability to pay a judgment to the proposed Class if the case were to proceed.  Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

12.     NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and each of them, and Defendant, by and through

4

undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

1.   **DEFINITIONS**

As used in this Settlement Agreement, the following terms have the meanings specified below.

1.1.   **"Action"** means *Czarnionka v. The Epoch Times Association, Inc.*, Case No. 1:22-cv-6348-AKH, pending in the United States District Court for the Southern District of New York.

1.2.   **"Class Counsel"** means Michael W. Sobol and Douglas I. Cuthbertson, Lieff Cabraser Heimann & Bernstein LLP; Hank Bates and Lee Lowther, Carney Bates & Pulliam PLLC; and Gary M. Klinger, Milberg Coleman Bryson Phillips Grossman, PLLC.

1.3.   **"Class Period"** means the period from July 26, 2020, to and through the date of Preliminary Approval.

1.4.   **"Class Representative"** means the named Plaintiff in this Action, Lawrence Czarnionka.

1.5.   **"Court"** means the United States District Court for the Southern District of New York, the Honorable Alvin K. Hellerstein presiding, or any judge who shall succeed him as the Judge in this Action.

1.6.   **"Defendant"** means The Epoch Times Association, Inc.

1.7.    **"Defendant's Counsel"** means Bryan P. Sugar, Christopher H. Wood, and Brian Pete of Lewis Brisbois Bisgaard & Smith LLP.

1.8.    **"Effective Date"** means the date on which the Final Judgment becomes Final.

1.9.    **"Final"** means, with respect to any judicial ruling or order, that: (1) if no appeal, motion for reconsideration, reargument and/or rehearing, or petition for writ of certiorari has been filed, and the time has expired to file such an appeal, motion, and/or petition; or (2) if an appeal, motion for reconsideration, reargument and/or rehearing, or petition for a writ of certiorari has been filed, the judicial ruling or order has been affirmed with no further right of review, or such appeal, motion, and/or petition has been denied or dismissed with no further right of review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award or service award made in this case shall not affect whether a judgment of the Court is "Final" as defined herein.

1.10.    **"Final Approval Order"** means an order granting final approval of the settlement embodied in this Settlement Agreement with respect to the relief to the Settlement Class (including a Class Representative service award, but expressly exempting attorneys' fees and expenses), and, inter alia, approving the release and waiver stated in Section 4 of this Agreement, and dismissing with prejudice the Released Claims against Epoch Times and the other Released Parties in the Action. The Parties will request the Final Approval Order be entered as a separate judgment pursuant to Federal Rule of Civil Procedure 54(b).

1.11.    **"Order on Attorneys' Fees"** means an order regarding Class Counsel's application for an award of reasonable attorneys' fees and expenses which the Parties will request be entered as a separate judgment pursuant to Federal Rule of Civil Procedure 54(b).

1.12.    **"Plaintiff"** means Lawrence Czarnionka.

1.13.   **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes only, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice Program.

1.14.   **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes only, and directing notice thereof to the Settlement Class.  The Parties' proposed form of the Preliminary Approval Order, to be submitted to the Court for approval in conjunction with Plaintiff's motion for preliminary approval of the Settlement Agreement, is attached hereto as Exhibit A.

1.15.   **"Released Claims"** means any claim, liability, right, demand, suit, matter, obligation, action, or causes of action, ~~of every kind and description,~~ that the Releasing Parties have or could have presented or asserted against Epoch Times arising out of or reasonably relating to the operative factual predicate alleged in or otherwise described by Plaintiff's complaint in the Action.  **<u>"Released Claims" do not include claims for damages or other monetary relief.</u>** "Released Claims" do not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the settlement contained in this Settlement Agreement.

1.16.   **"Released Parties"** means Defendant together with its subsidiaries, affiliates, parent companies, divisions, servants, employees, principals, directors, officers, founders, agents, and attorneys, and all predecessors, assigns, heirs, transferees,  and successors of any of the foregoing persons or entities.

1.17.   **"Releasing Parties"** means Settlement Class Members on behalf of themselves, and any Settlement Class Member's present or past heirs, executors, estates, administrators, predecessors, successors, transferees, or assigns and any other person or entity, including any person or entity purporting to act parens patriae for Settlement Class Members, claiming by or

through, on behalf of, for the benefit of, derivatively for, or as representative of any other Releasing Party.

**1.18.** **"Service Award"** means any amount awarded by the Court to the Class Representative as a service award in recognition of his efforts and commitment on behalf of the Settlement Class.

**1.19.** **"Settlement Class"** means all individuals residing in the United States who were Facebook account holders and subscribers to Defendant's digital services during the Class Period, and who requested or obtained any videos on any Epoch Times website while an active Facebook account holder during the Class Period.

**1.20.** **"Settlement Class Member"** means an individual in the Settlement Class, including but not limited to Plaintiff.

**1.** **SETTLEMENT APPROVAL.**

**1.1.** The Parties shall cooperate in good faith, and agree, subject to their fiduciary and other legal obligations, to take all reasonably necessary steps to obtain the Court's approval of the terms of this Settlement Agreement.

**1.2.** For the purposes of settlement only and the proceedings contemplated herein for effectuating the Settlement Agreement, Plaintiff shall move the Court to certify the Settlement Class pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.  Epoch Times will not oppose certification of the Settlement Class for settlement purposes only.

**1.3.** Plaintiff shall move, and Epoch Times shall not oppose, that the Court: (1) designate Plaintiff as Class Representative for the Settlement Class and appoint Michael W. Sobol and Douglas I. Cuthbertson, Lieff Cabraser Heimann & Bernstein LLP; Hank Bates and Lee Lowther, Carney Bates & Pulliam PLLC; and Gary M. Klinger, Milberg Coleman Bryson Phillips

Grossman, PLLC as Class Counsel for the Settlement Class; (2) approve the form and manner of notice to the Settlement Class; (3) appoint a ~~Settlement~~ Notice Administrator (defined below) to implement the Notice Program (defined below); (4) schedule deadlines for (i) Plaintiff to file his Motion for Final Approval (the "Final Approval Motion") and for Class Counsel to file their separate motion for an award of reasonable attorneys' fees and expenses (the "Attorneys' Fees Motion"); (ii) Settlement Class Members to file objections to the Settlement or Attorneys' Fees Motion, and for Class Counsel to respond to any such objections; and (5) schedule a Final Approval hearing to consider Plaintiff's Final Approval Motion and Attorneys' Fee Motion.

## 2.   RECOGNITION OF REMEDIAL MEASURES

2.1.    As a result of this litigation, Epoch Times has: (i) removed all Pixels embedded in any webpage on an Epoch Times website accessible in the United States that includes video content and a URL that identifies the specific video requested or obtained from that website webpage and (ii) implemented and completed a process to ensure Epoch Times does not possess "personally identifiable information" (as that term is defined in the VPPA) of Settlement Class Members generated by ~~Pixel~~the Pixel. The Court shall appoint an independent expert to certify that Epoch Times has removed the Pixels consistent with "(i)" immediately above.

## 3.   INJUNCTIVE RELIEF

3.1.    As consideration for the complete and final settlement of the Action, the releases, and other promises and covenants set forth in this Settlement Agreement, and subject to the other terms and conditions herein, Epoch Times ~~agrees to~~ shall take the following ~~injunctive relief actions~~ listed below in this section no later than fifteen (15) after the Effective Date.

**3.2.**    ~~3.1.1.~~Epoch Times shall not resume operation of the Pixel on any webpage of its websites accessible in the United States that include video content and a URL that identifies the

specific video requested or obtained from that website webpage. Notwithstanding the above, after a term of two years from the Effective Date, Epoch Times may move to seek relief from this injunction upon amendment or repeal of the VPPA or upon implementation of a VPPA-compliant consumer consent form by filing a motion with this Court for relief from this injunction.

        **3.2.1.**   ~~3.1.2.~~Plaintiff may seek from the Court an injunction to enforce the terms of this Agreement, including Epoch Times's Representations and Warranties.

## 4. RELEASE.

    **4.1**    Upon the Effective Date, and in consideration of the promises and covenants in this Settlement Agreement, each Settlement Class Member, including Plaintiff, shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, relinquished, waived, and discharged all Released Claims.

    **4.2**    With respect to any and all Released Claims, upon the Effective Date, Plaintiff and the Settlement Class Members intend to and shall be deemed to have, to the fullest extent permitted by law, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Plaintiff, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of

the Released Claims, but the Settlement Class Members, including Plaintiff, expressly shall have, and each shall be deemed to have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims.

## 5.    REPRESENTATIONS AND WARRANTIES.

**5.1.**    Epoch Times warrants and represents that the following statements listed below in this section are true:

**5.1.1.**    After this action was filed, and as a result of this action, Epoch Times has removed all Pixels embedded in any webpage of its websites accessible in the United States that include video content and a URL that identifies the specific video requested or obtained from that website webpage.

**5.1.2.**    After a good-faith search of its internal data system, it has identified no "personally identifiable information" (as that term is defined in the VPPA) of Settlement Class Members generated by the Pixel.

**5.1.3.**    If Epoch Times discovers on its internal data system in the future "personally identifiable information" (as that term is defined in the VPPA) of Settlement Class Members generated by the Pixel, it shall promptly destroy said information and notify Settlement Class Counsel within seven (7) days of such discovery.

**5.1.4.**    Epoch has provided Plaintiff's counsel with documents concerning Defendant's financial condition and ability to fund a class action settlement under Federal Rule of Civil Procedure 23(b)(3).  In addition, Epoch has responded to a number of questions posed by Plaintiff's counsel's financial analyst regarding its financial condition and ability or lack thereof to fund a class action settlement under Federal Rule of Civil Procedure 23(b)(3).  Epoch's

11

representations with respect to its financial condition, including the documents and information provided to Plaintiff's counsel, are a good-faith representation of its current financial state.

**6.      CLASS REPRESENTATIVE SERVICE AWARD**

6.1.      The Class Representative may apply to the Court as part of this Agreement for a service award of $2500.

6.2.      Class Counsel shall include any request for the Class Representative service award in its Final Approval Motion and the proposed Final Approval Order.

6.3.      Within twenty-one (21) calendar days of the Effective Date, Epoch Times shall pay the Class Representative's service award by ACH payment or wiring those funds to Class Counsel at Lieff Cabraser Heimann & Bernstein, LLP's State Bar Attorney Client Trust account.  Class Counsel shall cause payment of the Class Representative's service award within fourteen (14) calendar days of receipt of the funds from Epoch Times, with Defendant bearing no responsibility or liability for such distribution after Defendant's transmittal of the applicable funds to Class Counsel.

**7.      ATTORNEYS' FEES AND EXPENSES.**

7.1.      The Parties agree that Class Counsel may move the Court for an award of reasonable attorneys' fees and expenses which does not exceed a cap of $730,000.  The Parties will accept, and not appeal, the Court's order on attorneys' fees and expenses.

7.2.      Defendant shall pay such award of attorneys' fees and expenses within fourteen (14) days of the later of the Court's entry of the Final Approval Order or the Order on Attorneys' Fees.  Defendant shall pay the full amount of attorneys' fees and expenses awarded to Class Counsel into an account held by the ~~Settlement~~ Notice Administrator, to be held in escrow, within fourteen (14) days of the later of the Court's entry of the Final Approval Order or the Order on

Attorneys' Fees. Upon the Effective Date, the ~~Settlement~~ Notice Administrator shall release the full amount of attorneys' fees and expenses awarded to Class Counsel by ACH payment or by wiring those funds to Class Counsel at Lieff Cabraser Heimann & Bernstein, LLP's State Bar Attorney Client Trust account.

7.3.    The Court's entry of an Order on Attorneys' Fees, or any motions challenging the entry of that order, or any appeal thereon, and any order modifying, amending or reversing the Order on Attorneys' Fees, shall not operate in any way to terminate or cancel this Settlement Agreement, nor affect or delay the force and effect of the Final Approval Order.

8.    ~~SETTLEMENT~~ **NOTICE** ADMINISTRATOR.

8.1.    The Parties will obtain bids, which will include a proposed notice plan consistent with the Notice Program (defined below), from potential ~~settlement administrators~~ Notice Administrators with expertise in class action settlement and notice administration. The Parties shall jointly select one ~~settlement administrator~~ Notice Administrator from among those who have presented a bid and Plaintiff shall request in seeking preliminary approval that the Court appoint the selected entity as ~~Settlement~~ Notice Administrator ("~~Settlement~~ Notice Administrator").  Neither Party shall unreasonably withhold agreement to selection of a ~~Settlement~~ Notice Administrator.

8.2.    The ~~Settlement~~ Notice Administrator shall be responsible for effectuating the Notice Program (defined below) consistent with the terms of this Settlement Agreement, as approved by the Court. Epoch Times shall have the sole responsibility to pay for and fund the Notice Program, including all fees and expenses of the ~~Settlement~~ Notice Administrator.

9.    NOTICE.

9.1.    The Parties shall jointly request that the Court approve a class notice program designed to reach the members of the Settlement Class in a manner that complies with the Federal Rules of Civil Procedure ("Notice Program").

9.2.    The Notice Program shall include a case-specific settlement website (e.g., www.EpochTimesVPPASettlement.com) that will include at least the following information: (i) stand-alone descriptions of the injunctive relief and remedial measure; (ii) a summary of the Action and the settlement terms; (iii) a "Contact Us" page with ~~settlement administrator~~ Notice Administrator information; (iv) the Settlement Agreement, motions for approval and for attorneys' fees and any other important documents in the case; (v) important case dates and deadlines, including the objection deadline; (vi) a summary of Settlement Class Member rights, including how to object to the Settlement; and (vii) the date, time, and location of the Final Approval hearing.

9.3.    The Notice Program shall also: (1) establish a toll-free telephone line for Settlement Class Members with an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the litigation that is accessible 24 hours a day, 7 days a week, and (2) publicize notice via fair, well-crafted banner ads to direct attention to the Settlement Website and reach Settlement Class Members on selected websites (including on theepochtimes.com and other Epoch Times websites accessible in the United States), social media, or apps where Settlement Class Members are likely to visit.

9.4.    All forms of notice must be in plain language and easily understandable, taking into account any special concerns about the language needs of the Settlement Class Members. The Parties will agree on (i) the final text of the notice before it is published; (ii) all aspects of any advertisements, including, but not limited to, their text and graphics, before publication; and (iii)

the domain name of, and all content and language displayed on, the Settlement Website. The ~~Settlement~~ Notice Administrator shall effectuate the Notice Program as approved, and pursuant to the timetable set, by the Court.

**9.5.** Pursuant to terms to be agreed to with the ~~Settlement~~ Notice Administrator and approved by the Parties, Epoch Times shall pay to the ~~Settlement~~ Notice Administrator all fees and expenses of the ~~Settlement~~ Notice Administrator, including the costs of the Notice Program.

## 10.   CAFA NOTICE

**10.1.** Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, Epoch times shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

## 11.   TERMINATION.

**11.1.** This Settlement Agreement may be terminated by either Party by serving on counsel for the opposing party and filing with the Court a written notice of termination within 10 days (or such longer time as may be agreed between Class Counsel and counsel for Defendant) only upon any of the following occurrences;.

**11.1.1.** The Court rejects, materially modifies, or materially amends or changes the terms of the settlement as embodied in this Settlement Agreement;

**11.1.2.** The Court declines to enter without material change the material terms in the proposed Preliminary Approval Order or the proposed Final Approval Order; or

**11.1.3.** An appellate court reverses the Final Approval Order, and the settlement is not reinstated and finally approved without material change by the Court on remand.

**11.2.** To avoid ambiguity, the Order on Attorneys' Fees shall not constitute grounds for termination under this Section 11. In the event of a termination of this Settlement

Agreement based on an occurrence specified above, Class Counsel and counsel for Defendant agree to negotiate in good faith in an attempt to reach an appropriate, amended settlement agreement.

## 12.    FAIR, REASONABLE, AND ADEQUATE SETTLEMENT

12.1.    The Parties believe this Settlement Agreement is a fair, reasonable, and adequate settlement of the Action under the scrutiny required in this Circuit for settlements negotiated prior to class certification, and have arrived at this Settlement Agreement through arm's length negotiations (including mediation conducted by the Hon. Frank Maas (Ret.) of JAMS), taking into account all relevant factors, present and potential.

## 13.    MISCELLANEOUS PROVISIONS

13.1.    **Real Parties in Interest**.  In executing this Settlement Agreement, Plaintiff, on behalf of himself and the Settlement Class, and Class Counsel represent and warrant that, as far as he or it is aware, Settlement Class Members are the only persons with a legal interest in any of the claims that are described or referred to herein, or in any of the pleadings, records, and papers in the Action, and, except as provided herein, Plaintiff and Class Counsel are unaware of any Released Claims or part thereof having been assigned, granted or transferred in any way to any other person, firm, or entity.

13.2.    **Voluntary Agreement**.  This Settlement Agreement is executed by the Parties voluntarily and each of the Parties warrants that it or he has executed this Settlement Agreement without being under duress or undue influence from any source.

13.3.    **Binding Effect**.  This Settlement Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties.

**13.4.    Parties Represented by Counsel**.  The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Settlement Agreement by independent counsel of their own choosing, that they have read this Settlement Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Settlement Agreement and of its legal effect.

**13.5.    Authorization**.  Each Party warrants and represents that there are no liens or claims of lien or assignments, in law or equity or otherwise, of or against any of the Released Claims, and, further, Plaintiff warrants he is fully entitled and duly authorized to release the Released Claims.

**13.6.    Amendment**.  The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**13.7.    Entire Agreement**.  This Agreement contains the entire understanding between Defendant and Plaintiff on behalf of himself and the Settlement Class, regarding the settlement of the Action, and this Settlement Agreement supersedes all previous negotiations, agreements, commitments, understandings, and writings between Defendant and Plaintiff, including through their respective counsel, in connection with the settlement of the Action.

**13.8.    No Admission**.   Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement, including court orders (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, certifiability of a class, or of any wrongdoing or liability of any of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil or administrative proceeding before any court, administrative agency or other tribunal.

**13.9.    Tolling.**        The statute of limitations for the cause of action asserted in this Litigation (i.e., an alleged violation of the Video Privacy Protection Act, 18 USC § 2710) has been tolled for all Settlement Class Members since July 26, 2022 and that tolling will continue until the Effective Date ("Tolling Period").  On the Effective Date the Tolling Period will terminate.  The Tolling Period does not apply to the Released Claims.

**14.    CONSTRUCTION AND INTERPRETATION**.

**14.1.**    Neither Party nor their respective counsel shall be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them.

**15.    GOVERNING LAW**.

**15.1.**    This Settlement Agreement is entered into in accordance with the laws of the State of New York and shall be governed by and interpreted in accordance with the laws of the State of New York, without regard to its conflict of law principles.

**16.    FURTHER ASSURANCES**.

**16.1.**    Each Party shall do any and all acts or things reasonably necessary to carry out the express intent of this Settlement Agreement.

**17.    DISMISSAL WITH PREJUDICE.**

**17.1.**    Plaintiff shall file a dismissal of the Action pursuant to Federal Rule of Civil Procedure 54(b) with prejudice in the United States District Court for the Southern District of New York within five (5) days of the Effective Date, with each Party to bear its own fees and costs, except as provided in Section 7 of this Settlement Agreement, which establishes that Class Counsel may make an application for an award of reasonable attorneys' fees and expenses to be entered as a separate judgment pursuant to Federal Rule of Civil Procedure 54(b).

**18.   CONTINUING JURISDICTION**.

**18.1.**   The Parties to this Settlement Agreement stipulate that the Court shall retain jurisdiction over the Action after the entry of the Final Approval Order to oversee the implementation and enforcement of this Settlement Agreement, the order preliminarily approving the Settlement Agreement, the Final Approval Order, and the determination of Class Counsel's request for reasonable attorneys' fees, expenses, and any award thereon.

**19.   NOTICES.**

**19.1.**   Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the date of electronic mailing.  Postal mailing will be provided as well, addressed as follows:

> To Class Counsel:
>
> Douglas I. Cuthbertson
> dcuthbertson@lchb.com
> LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
> 250 Hudson Street, 8th Floor
> New York, NY 10013-1413
>
> To Epoch Times' Counsel:
>
> Bryan Sugar
> bryan.sugar@lewisbrisbois.com
> LEWIS BRISBOIS BISGAARD & SMITH LLP
> 550 West Adams Steet, Suite 300
> Chicago, IL  6066

**20.   COUNTERPARTS.**

**20.1.**   This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument. The several signature pages may be collected and annexed to one or more documents to form a

complete counterpart.  Photocopies and .pdf of executed copies of this Settlement Agreement may be treated as originals.

IN WITNESS WHEREOF, each of the signatories has read and understood this Settlement Agreement, has executed it, and represents that he or she is authorized to execute this Settlement Agreement on behalf of the Party or Parties he or she represents, who or which has agreed to be bound by its terms and has entered into this Settlement Agreement.

Agreed to by:

| | |
|---|---|
| _____ | _____ |
| Lawrence Czarnionka          Date | Dana Cheng          Date |
| *Plaintiff and Class Representative* | *Epoch Times Association, Inc.* |

Approved as to form by:

| | |
|---|---|
| _____ | _____ |
| Douglas I. Cuthbertson          Date | Bryan Sugar, Esq.          Date |
| *Counsel for Plaintiffs and the* | *Counsel for Epoch Times Association , Inc.* |
| *Settlement Class* | |